THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANDRE J. NEAL, Defendant-Appellant.

Fourth District    No. 4—95—0276

Opinion filed August 5, 1996.—Modified on denial of rehearing January 15, 1997.

Daniel D. Yuhas and Elizabeth D. Caddick, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

This case comes to us in an unusual procedural posture. On May 25, 1994, after a jury trial in the circuit court of Macon County, defendant Andre J. Neal was convicted of three counts of attempt (first degree murder) (720 ILCS 5/8—4, 9—1(a)(1) (West 1992)). On July 11, 1994, the court sentenced defendant to three consecutive terms of 10 years' imprisonment. On July 14, 1994, the office of the State Appellate Defender (OSAD) was appointed to represent defendant. On August 2, 1994, defendant filed a *pro se* motion to reduce sentence evidently unbeknownst to OSAD. On August 9, 1994, a notice of appeal was filed from "the final judgment" entered in the cause, docketed No. 4—94—0710. This court proceeded with the appeal. No contention was made that the sentence was improper or that we lacked jurisdiction because of the pendency of the motion to reduce sentence. On November 17, 1995, this court entered an order under Supreme Court Rule 23 (*People v. Neal*, 275 Ill. App. 3d 1149 (1995) (unpublished order under Supreme Court Rule 23)) affirming.

In the meantime, on March 10, 1995, the circuit court held a hearing on the motion to reduce sentence and entered an order on that day denying the motion. On April 5, 1995, a notice of appeal from that order was filed, No. 4—95—0276, and that is the appeal

which is before us at this time. Under general rules of procedure, we would have lacked jurisdiction of the original appeal where we affirmed because of the existence of a pending motion to reduce sentence when that notice of appeal was filed. See *People v. Jennings*, 279 Ill. App. 3d 406, 413, 664 N.E.2d 699, 705 (1996); *People v. Giles*, 230 Ill. App. 3d 730, 733, 596 N.E.2d 53, 55-56 (1992).

Usual procedural rules are not applicable here, however, because the *pro se* motion to reduce sentence was filed at a time when defendant was represented by counsel, OSAD. Recently, this court held in *People v. Handy*, 278 Ill. App. 3d 829, 836, 664 N.E.2d 1042, 1046-47 (1996), that a *pro se* motion filed while defendant in a criminal case has counsel, is "not properly before the court" unless, unlike here, the motion is directed to defendant's attorney's representation. That rule is an aspect of the doctrine that an accused can proceed by counsel or *pro se* but not in both capacities at the same time. *People v. Pondexter*, 214 Ill. App. 3d 79, 87-88, 573 N.E.2d 339, 345 (1991). The confusion which resulted here is a good example of why an accused cannot be permitted to proceed in dual capacities. As the motion to reduce sentence was "not properly before" the circuit court, this court had jurisdiction on the original appeal.

We recognize that the *pro se* motion to reduce sentence was filed at a time when the 30-day period after sentencing had not expired (134 Ill. 2d R. 606(b)), but at a time when trial counsel would have deemed his functioning had ceased because of the appointment of OSAD, who would not have foreseen any responsibility to file motions in the trial court. Nevertheless, defendant had the benefit of trial counsel who did not deem the filing of a motion to reduce sentence to be appropriate. The defendant had the benefit of the original appeal upon all of the issues OSAD chose to raise. Moreover, we note that OSAD, on this appeal, rejected the grounds set forth in defendant's *pro se* motion.

Nothing we have stated here prevents a convicted defendant from filing a valid *pro se* post-conviction petition in the trial court while represented on appeal in the underlying case. The post-conviction petition is a collateral attack upon the conviction. (*People v. Mahaffey*, 165 Ill. 2d 445, 452, 651 N.E.2d 174, 179 (1995); *People v. Enoch*, 146 Ill. 2d 44, 50, 585 N.E.2d 115, 118 (1991)). The post-conviction proceeding has been described as "a new proceeding for the purpose of inquiring into the constitutional phases of the original conviction which have not already been adjudicated." *People v. Morris*, 47 Ill. App. 3d 732, 735, 365 N.E.2d 424, 426-27 (1977).

Accordingly, we determine that the appropriate procedure for this court to take is to remand the cause to the circuit court of Macon

County with directions to strike defendant's *pro se* motion to reduce sentence and to expunge the order of March 10, 1995, denying that motion.

Remanded with directions.

GARMAN and KNECHT, JJ., concur.