THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL A. MIRAGLIA, Defendant-Appellant.

Second District   No. 2—00—0137

Opinion filed June 29, 2001.—Rehearing denied July 27, 2001.

Robert P. Will, Jr., of Robert P. Will, Jr., & Associates, of Waukegan, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and

Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RAPP delivered the opinion of the court:

Following a bench trial, on October 5, 1999, defendant, Michael A. Miraglia, was found guilty of aggravated fleeing from a police officer (at a rate of at least 21 miles per hour over the speed limit). 625 ILCS 5/11—204.1(a)(1) (West 1998). Following the denials of his posttrial motions, defendant appeals, arguing that (1) he was not found guilty of the offense beyond a reasonable doubt because he claims the officer's testimony did not show he was traveling at least 21 miles per hour over the speed limit; and (2) his defense counsel was ineffective in presenting the affirmative defense of insanity. The trial court sentenced defendant to a term of 24 months' probation with certain conditions attached, including psychiatric and substance abuse evaluation and treatment. After examining the record, we conclude that defendant's appeal is not timely because he has impermissibly filed successive posttrial motions, and we do not have appellate jurisdiction. We therefore dismiss this appeal.

On November 3, 1999, defense counsel, James Valentino, Jr., filed a "Motion to Reconsider Judgment of Guilty." In that motion, defendant raised issues regarding prejudice resulting from the denial of his pretrial motion *in limine* and regarding the sufficiency of the evidence as to his rate of speed and his insanity defense. The motion summarized in some detail portions of the testimony supporting his claims and the purported evidentiary standards to be applied. The motion sought a directed finding or finding of not guilty. On November 9, 1999, the trial court denied this motion on the merits and then sentenced defendant following an evidentiary hearing. On November 9, defendant also filed his first notice of appeal. On November 23, 1999, new defense counsel, Robert P. Will, Jr., filed an amended notice of appeal.

On December 8, 1999, defendant, through his new counsel, filed a second posttrial motion, in which he raised essentially identical issues regarding the denial of his motion *in limine*, the sufficiency of the evidence as to the insanity defense and the purported applicable standard of proof, and the sufficiency of the State's evidence; he also advised that he needed additional time for the completion of the report of proceedings.

On December 13, 1999, at the hearing on the motion, the State objected to the filing of the second motion. Defendant argued that the filing of the motion nullified the notice of appeal and asked that the matter be continued to examine the transcripts. The court responded

that it generally did not continue posttrial motions for the preparation of transcripts, noting that, in some cases, it would be months before the transcripts were prepared. The court then indicated that there could be a hearing after counsel received the transcripts and, if counsel wanted to "re-raise" something that was found in the transcripts, defendant could file a motion to do that. The court then said it would consider the matters in the second posttrial motion. The State argued that the grounds alleged were insufficient to change the court's prior rulings and asked that the motion be denied.

The court denied the motion on the merits. Defendant again indicated he might file an amended or supplemental posttrial motion, and the court appears to have acquiesced in this approach. However, the court opined that a notice of "appeal would have to be filed within 30 days of today's date." The court then concluded, "Motion denied. Notice of appeal is withdrawn and post-trial motion's denied." The minute order entered on December 13, 1999, states that defendant's posttrial motion is denied and defendant is given leave to withdraw the notice of appeal. There is no mention in the order of a continuance for the purpose of amending the motion.

No new notice of appeal was filed within the following 30-day period. Instead, 29 days later, on January 11, 2000, defendant filed his third posttrial motion, including an amended and supplemental motion to reconsider, that realleged matters raised in the first two motions (including summaries of the testimony), and claiming, in addition, that defendant's trial counsel was ineffective in presenting the insanity defense. The motion noted that, as a result, the court had concluded that the defense had not carried its burden of proof as to the insanity defense by clear and convincing evidence.

On January 12, 2000, defendant also filed a motion to dismiss the prior appeal (No. 2—99—1263). At the hearing on that date, the court stated it was unsure whether it could dismiss the appeal as it had done the last time. Although the court was willing to hear the motion, Will asked to continue it as he wished to supplement the motion with the affidavit of Dr. Baron regarding the gist of what he would have testified. The court stated it would allow the filing of the motion and continued the matter for hearing but would not dismiss the appeal until the time of the hearing. The State objected to the filing of the third posttrial motion on the ground that it was untimely, stating that it wished to preserve its objection for appeal.

At the hearing on January 20, 2000, defense counsel stated that the motion was filed subsequent to the notice of appeal. The court responded that the notice of appeal would be withdrawn after the hearing on the motion and then defendant could "reinstate" the ap-

peal. Regarding the ineffective assistance of counsel claim, defendant's argument concerned the proper standards and medical testimony that should have been used to present the insanity defense.

In addressing the ineffective assistance claim, the court concluded that, under the proper standard—whether defendant lacked a substantial capacity to appreciate the criminality of his conduct as a result of a mental disorder or defect—the substantive evidence showed that defendant was in fact able to appreciate the criminality of his conduct because, just before the police chase began, defendant stopped for a stop sign and he finally did pull over in response to the police car's flashing lights.

In the context of the other evidence, and irrespective of the medical testimony or the level of skill of the attorney, the court concluded it was impossible to find that defendant did not appreciate the criminality of his conduct. The court found insufficient prejudice to sustain an ineffective assistance claim and ruled that the State's evidence was sufficient beyond a reasonable doubt and the affirmative defense was not established by clear and convincing evidence. The court denied the third motion on the merits and "reinstated" the appeal. The State again objected that the appeal was untimely and reserved its objection. Some discussion ensued suggesting that portions of the record were on their way to this court.

The written order entered January 20 stated that the prior appeal (No. 2—99—1263, filed November 9, 1999) was dismissed pursuant to Supreme Court Rule 309. 134 Ill. 2d R. 309 (before record on appeal is filed in reviewing court, trial court may dismiss appeal on motion of party or on stipulation). The order also denied the posttrial motion and stated that the appeal was "reinstated" over the objection of the State and that defendant shall file a new notice of appeal within 30 days. A new notice of appeal in the present cause (No. 2—00—0137) was filed on January 20, 2000.

●1 A reviewing court has the duty to consider whether it has jurisdiction and to dismiss an appeal if it determines that jurisdiction is lacking. *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539 (1984). In this case, we conclude that the appeal is untimely because defendant has failed to follow the rules applicable to postjudgment motions and notices of appeal, and this has resulted in an untimely appeal.

●2 Defendant's first posttrial motion, that is, a motion to reconsider the guilty finding, is arguably equivalent to a motion for a new trial, which must be filed within 30 days of the finding of guilty. 725 ILCS 5/116—1 (West 1998). The purpose of a posttrial motion is to alert the trial court to trial errors so that a new trial may be granted

if warranted, without the necessity of an appeal, and the motion also preserves but limits the issues reviewable on appeal. *People v. Todd*, 249 Ill. App. 3d 835, 840 (1993).

●3 Here, after the first posttrial motion was ruled on and the sentencing judgment was entered on November 9, 1999, the judgment became final (*People v. Caballero*, 102 Ill. 2d 23, 51 (1984) (final judgment is the sentence)), and the initial 30-day time for appeal began to run pursuant to Supreme Court Rule 606(b) (188 Ill. 2d R. 606(b)). In a criminal case, under Rule 606(b), the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or, if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion. When a timely posttrial motion or postsentencing motion directed against the judgment has been filed, any notice of appeal filed before the entry of the order disposing of all pending postjudgment motions shall have no effect and shall be stricken by the trial court, and a new notice of appeal must be filed within 30 days following the entry of the order disposing of all timely postjudgment motions. 188 Ill. 2d R. 606(b); *People v. Rowe*, 291 Ill. App. 3d 1018, 1020 (1997) (timely filing of postjudgment motion within 30 days of judgment acts as implicit motion to dismiss appeal and renders notice of appeal ineffectual).

●4 In this case, on December 8, 1999, defendant filed a second motion directed against the final judgment within 30 days of the judgment entered on November 9. While we seriously question the propriety of filing an essentially repetitious postjudgment motion during this initial 30-day period for appeal, we recognize that the trial court still retained jurisdiction to rule on that motion and that the motion therefore remained pending until disposed of pursuant to Rule 606(b). Assuming, without deciding, that the second posttrial motion was properly before the trial court, it tolled the time for appeal under Rule 606(b) until the court ruled on it on December 13, 1999. The filing of the second motion rendered the original notice of appeal ineffectual, and the trial court's denial of that motion was final when entered of record and caused the 30-day time for appeal to begin anew. The trial court advised defendant that a new notice of appeal had to be filed within 30 days of the date of the ruling pursuant to Rule 606(b), but apparently no new notice of appeal was filed until after the ruling on the third motion, on January 20, 2000, a date well beyond the prescribed 30-day period for appeal.

Furthermore, we do not believe the trial court had the legal authority to extend the time for appeal, under the guise of hearing a successive, amended motion after ruling on the prior motion—by al-

lowing yet another posttrial motion to be filed on January 11 and ruling on it on January 20, 2000, over the continuing objections of the State.

We recognize that, as a practical matter and apparently without express authority in the rules, courts do allow the amendment of a timely filed motion. However, a trial court cannot permit a defendant to file a postjudment motion directed against the final judgment, rule on it, and then rule on a motion to reconsider the denial of that posttrial motion and thereby extend its jurisdiction and the time for appeal. *People v. Easley*, 199 Ill. App. 3d 179, 183 (1990) (successive postjudgment motions not authorized to toll time for appeal); *People v. Scruggs*, 161 Ill. App. 3d 468, 471 (1987) (there is no authority for a trial court to extend its jurisdiction by reconsidering the denial of a posttrial motion filed beyond the period established in Rule 606(b); a second motion is unauthorized; citing *Sears v. Sears*, 85 Ill. 2d 253, 258 (1981)); see *People v. Clark*, 314 Ill. App. 3d 181, 185 (2000) (noting that successive posttrial motions are not allowed and do not prolong the time a party has to file a notice of appeal).

Rule 606(b) contemplates the filing of only one postjudgment motion directed against the final judgment—whether it be the conviction or the sentence or both, but the rule does not authorize successive and repetitious motions raising issues that were raised earlier or could have been raised earlier and thereby extend the time for appeal. It is improper practice to engage in piecemeal litigation—seeing one theory of the case to conclusion before proposing another. See *In re Paternity of Rogers*, 297 Ill. App. 3d 750, 756-57 (1998). Our examination of the motions shows that defendant could have raised all of the necessary issues at the very least by the time his second motion was filed within 30 days of the final judgment, as the claimed errors were apparent in the first motion.

The rationale for the rule against successive and repetitious postjudgment motions is found in *Sears*, 85 Ill. 2d at 259. *Sears* explains that a litigant should not be permitted to return to the trial court indefinitely, hoping for a change of heart. Permitting successive postjudgment motions would tend to prolong the life of a legal proceeding, promote judicial inefficiency, and lend itself to harassment. There must be finality—a time when the case in the trial court is really over and the unsuccessful party must appeal or give up. Successive postjudgment motions interfere with that policy. Justice is not served by permitting the losing party to string out his attack on a judgment over a period of months, one argument at a time, or make the first motion a rehearsal for the real thing the next month. *Sears*, 85 Ill. 2d at 259. We would add that, as can be seen in the present case, a violation of

the rule also creates uncertainty as to the proper date for filing a valid notice of appeal.

In this case, defendant should have filed his new notice of appeal within 30 days of the December 13, 1999, judgment, but he failed to do so. Instead, he filed a third postjudgment motion. As we have explained, there is no authority in the rules permitting the court to extend the time and permit yet another motion to be filed and heard after ruling on the second motion. See *Sears*, 85 Ill. 2d at 260. The January 20, 2000, notice of appeal was filed well beyond the time allowed by Rule 606(b), and therefore this court has no appellate jurisdiction. See *People v. Baskin*, 213 Ill. App. 3d 477, 485 (1991).

•5 We also determine that the revestment doctrine did not apply to revest jurisdiction in the trial court for the filing and consideration of the third motion in view of the State's repeated objections. In order for the rule to apply, the parties must actively participate *without objection* in proceedings that are inconsistent with the merits of the prior judgment. *People v. Kaeding*, 98 Ill. 2d 237, 241 (1983). Furthermore, the parties did not ignore the judgment, start to retry the case, and imply by their conduct that they consented to having the judgment set aside. Rather, the proceedings were adversarial in nature and concerned whether the judgment should be set aside. See *Sears*, 85 Ill. 2d at 260.

For the foregoing reasons, we conclude that we have no appellate jurisdiction, and we hereby dismiss this appeal.

Appeal dismissed.

HUTCHINSON, P.J., and GROMETER, J., concur.