# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Hampton*, 2011 IL App (4th) 100219

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PERRY E. HAMPTON, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-10-0219 |
| Filed | September 29, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court denied the motion of the office of the State Appellate Defender seeking summary remand for compliance with Supreme Court Rule 606(b) based on the argument that the trial court should consider defendant's *pro se* motion seeking the return of defendant's money that was being held by the circuit clerk following his conviction for residential burglary, since no relief could be granted until defendant's pending appeal was resolved. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 09-CF-1903; the Hon. Heidi N. Ladd, Judge, presiding. |
| Judgment | Motion denied. |

Counsel on
Appeal

Michael J. Pelletier, Karen Munoz, and Ryan R. Wilson, all of State Appellate Defender's Office, of Springfield, for appellant.

Julia Rietz, State's Attorney, of Urbana (Patrick Delfino and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE POPE delivered the judgment of the court, with opinion.

Presiding Justice Knecht and Justice Appleton concurred in the judgment and opinion.

**OPINION**

¶ 1    This appeal comes to us on the motion of defendant's counsel, the office of the State Appellate Defender (OSAD), for summary remand for compliance with Illinois Supreme Court Rule 606(b) (eff. Mar. 20, 2009).

¶ 2    I. BACKGROUND

¶ 3    On February 3, 2010, a jury found defendant, Perry E. Hampton, guilty of residential burglary (720 ILCS 5/19-3(a) (West 2008)). Following the February 2010 jury trial, an evidence technician from the City of Urbana police department sent defendant a letter, stating as follows:

> "In response to your recent inquiries, the Urbana Police Department has property which we believe belongs to you. 30 days after your conviction, this property may be picked up. This allows time for appeals. If there is an appeal, it may be picked up after the appeal process is over."

Further, the letter specifically identified the property as $651.

¶ 4    On March 11, 2010, the trial court sentenced defendant to 29 years' imprisonment with credit for 128 days already served, to be followed by a 2-year period of mandatory supervised release. Additionally, pursuant to a March 11, 2010, docket entry, the court ordered defendant to pay (1) $1,462 in restitution, (2) a Violent Crime Victims Assistance Act fee (see 725 ILCS 240/11 (West 2008)), and (3) a $200 genetic-marker-grouping-analysis fee. On that same day, the court entered a written order of forfeiture pursuant to sentence. Pursuant to this order, certain property seized from defendant's person at the time of the arrest was determined forfeited and would be delivered by the Urbana police department to the Champaign County circuit clerk. The property, which was identified as "$600 in U.S. Currency" and "$51.00 in U.S. Currency," was seized "for application to the ordered

restitution."

¶ 5    On March 12, 2010, defense counsel filed a motion to reconsider sentence, or, in the alternative, for a new sentencing hearing, arguing defendant's sentence was excessive. On March 16, 2010, the trial court denied defendant's motion to reconsider his sentence. On March 19, 2010, defendant filed a notice of appeal. OSAD was appointed to serve as his attorney and an amended notice of appeal was filed on March 26, 2010.

¶ 6    On April 8, 2010, defendant mailed a *pro se* "motion to re-coupe [*sic*] personal funds" to the Champaign County circuit clerk's office, accompanied by a notarized certificate of service stating the motion was placed in the prison mail system on that date. In the "motion to re-coupe [*sic*] personal funds," defendant appears to challenge the amount of restitution imposed by the trial court. Specifically, defendant stated, in pertinent part, as follows:

> "There never has been a hearing to determine how much the broken door costs. Nor [were] any fines, restitutions or any costs mentioned during trial, and after verdict."

Additionally, defendant argued the trial court abused its discretion by allowing certain evidence to be introduced at his sentencing hearing. Defendant requested copies "of all materials, including but not limited to, police reports, dispatch tapes reduced to writing, interview transcripts of any and all [of the] state's witnesses, pre-trial oral statements[,] and original statements of everyone involved" pursuant to the Freedom of Information Act (5 ILCS 140/1 through 11 (West 2008)). Defendant further requested that "any material or information which tends to negate [his] guilt *** or would tend to reduce his punishment" be produced according to *Brady v. Maryland*, 373 U.S. 83 (1963).

¶ 7    In response to defendant's motion, the trial court sent defendant a letter on May 11, 2010, which stated the following:

> "Your case is currently on appeal and you are represented in that matter by the Appellate Defender's Office.
>
> Any money seized by the police as evidence is being held while the case is still pending. Any money posted as bond was ordered to be applied to the outstanding financial obligations imposed in your case.
>
> You should direct any issues concerning your appeal to your appellate counsel."

¶ 8                                    II. ANALYSIS

¶ 9    OSAD has filed a motion for summary remand for compliance with Illinois Supreme Court Rule 606(b) (eff. Mar. 20, 2009), arguing defendant's case should be remanded to the trial court for the court to evaluate the merits of defendant's *pro se* motion. The State filed an objection to defendant's motion for summary remand, arguing Rule 606(b) does not authorize the filing of successive and repetitious postjudgment motions raising issues that were previously raised or could have been previously raised. Additionally, the State argues a *pro se* motion for sentence modification may generally not be filed while a defendant is represented by counsel. We agree with the State and deny OSAD's motion.

¶ 10    "Rule 606(b) contemplates the filing of only one postjudgment motion directed against the final judgment–whether it be the conviction or the sentence or both ***." *People v.*

*Miraglia*, 323 Ill. App. 3d 199, 205, 753 N.E.2d 398, 403 (2001). Here, defendant's trial counsel filed a posttrial motion and could have raised the claim defendant raised in his *pro se* motion. Successive motions raising issues that were or could have been raised unnecessarily extend the time for appeal. *Miraglia*, 323 Ill. App. 3d at 205, 753 N.E.2d at 403. Indeed, one could easily foresee a scenario wherein a defendant could indefinitely prolong the time for appeal by simply filing postjudgment motion after postjudment motion containing arguments not contained in the prior motion. "There must be finality–a time when the case in the trial court is really over and the unsuccessful party must appeal or give up." *Miraglia*, 323 Ill. App. 3d at 205, 753 N.E.2d at 403 (citing *Sears v. Sears*, 85 Ill. 2d 253, 259, 422 N.E.2d 610, 612 (1981)).

¶ 11    Moreover, a *pro se* motion for sentence modification is generally " 'not properly before the court' " if the *pro se* motion is filed while the defendant is represented by counsel. *People v. Neal*, 286 Ill. App. 3d 353, 355, 675 N.E.2d 130, 131 (1996) (quoting *People v. Handy*, 278 Ill. App. 3d 829, 836, 664 N.E.2d 1042, 1046-47 (1996)). In *Neal*, the defendant filed a *pro se* motion to reduce sentence in the trial court while he was represented by appellate counsel. *Neal*, 286 Ill. App. 3d at 355, 675 N.E.2d at 131. In determining the defendant's *pro se* motion was "not properly before" the trial court, this court stated:

> "We recognize that the *pro se* motion to reduce sentence was filed at a time when the 30-day period after sentencing had not expired [citation], but at a time when trial counsel would have deemed his functioning had ceased because of the appointment of OSAD, who would not have foreseen any responsibility to file motions in the trial court. Nevertheless, defendant had the benefit of trial counsel who did not deem the filing of a motion to reduce sentence to be appropriate." *Neal*, 286 Ill. App. 3d at 355, 675 N.E.2d at 131.

Additionally, in *Handy*, 278 Ill. App. 3d at 836, 664 N.E.2d at 1046, the appellate court concluded the defendant's *pro se* motion for reduction of sentence was "not properly before" the trial court because the defendant was represented by trial counsel. Defense counsel had previously filed a motion to modify sentence, and neither the trial court nor counsel made any reference to the defendant's *pro se* motion at the hearing on defense counsel's motion to modify sentence. *Handy*, 278 Ill. App. 3d at 835, 664 N.E.2d at 1046. The appellate court determined the "defendant had no authority to file *pro se* motions, and the [trial] court not only did not *need* to consider them, it should *not* have considered them." (Emphasis in original.) *Handy*, 278 Ill. App. 3d at 836, 664 N.E.2d at 1046.

¶ 12    Here, defendant's *pro se* "motion to re-coupe [*sic*] personal funds" was "not properly before" the trial court. Defendant was represented by trial counsel throughout the trial court proceedings. Additionally, defendant's trial counsel filed a motion to reconsider sentence, or, in the alternative, for a new sentencing hearing on defendant's behalf. The court denied this motion, defendant filed a notice of appeal, and OSAD was appointed as his appellate counsel. Defendant subsequently filed a *pro se* "motion to re-coupe [*sic*] personal funds," arguing the court abused its discretion by allowing certain evidence to be introduced at his sentencing hearing and requesting the court (1) return the money seized from his person at the time of his arrest, (2) provide him with copies of requested documents pursuant to the Freedom of Information Act, and (3) provide him with information pursuant to *Brady*. We

note this is *not* a case where defendant *pro se* filed a postjudgment motion alleging an ineffective assistance of counsel claim. See *People v. Serio*, 357 Ill. App. 3d 806, 816, 830 N.E.2d 749, 759 (2005).

¶ 13   In this case, when defendant mailed his *pro se* motion to the circuit clerk's office for filing, he had no authority to file *pro se* motions because he had been consistently represented by counsel throughout every stage of the proceeding. Defendant had the benefit of trial counsel who filed a motion to reconsider sentence on his behalf. Following the denial of the motion to reconsider sentence, a notice of appeal was filed and OSAD was appointed to represent defendant on appeal. As a result, this court has jurisdiction over defendant's appeal, and OSAD's motion for remand is denied.

¶ 14   Further, we recognize defendant requested the trial court return money seized from his person at the time of his arrest. Section 108-2 of the Code of Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/108-2 (West 2008)) governs the custody and disposition of property seized. Pursuant to section 108-2 of the Procedure Code:

> "An inventory of all instruments, articles or things seized on a search without warrant shall be given to the person arrested and a copy thereof delivered to the judge before whom the person arrested is taken, and thereafter, such instruments, articles or things shall be handled and disposed of in accordance with Sections 108-11 and 108-12 of this Code. If the person arrested is released without a charge being preferred against him all instruments, articles or things seized, other than contraband, shall be returned to him upon release." 725 ILCS 5/108-2 (West 2008).

Additionally, section 108-11 of the Procedure Code provides for the disposition of things seized and states as follows:

> "The court before which the instruments, articles or things are returned shall enter an order providing for their custody pending further proceedings." 725 ILCS 5/108-11 (West 2008).

¶ 15   In this case, the trial court entered an order of forfeiture seizing certain property ($651) belonging to defendant for application to the ordered restitution. However, the court subsequently sent defendant a letter in response to his *pro se* motion, stating any money seized by the police as evidence was being held while the case was pending. Regardless of whether the money was seized for application to the ordered restitution or was being held pending resolution of defendant's case, no effectual relief can be granted by the trial court at this time because defendant filed a notice of appeal. Instead, as a matter of course, the money must be held pending resolution of defendant's appeal.

¶ 16                                    III. CONCLUSION

¶ 17   Accordingly, we deny OSAD's motion for summary remand for compliance with Illinois Supreme Court Rule 606(b) (eff. Mar. 20, 2009).

¶ 18   Motion denied.