2018 IL App (4th) 151016

No. 4-15-1016

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| | ) | McLean County |
| v. | ) | No. 14CF732 |
| | ) | |
| EARNEST MAURICE BELL, | ) | Honorable |
| Defendant-Appellant. | ) | Robert L. Freitag, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court, with opinion.
Justices Holder White and Turner concurred in the judgment and opinion.

**OPINION**

¶ 1        Following a September 2015 bench trial, defendant, Earnest Maurice Bell, was convicted of two counts of unlawful delivery of a controlled substance within 1000 feet of a church, two counts of unlawful delivery of a controlled substance, one count of possession of a controlled substance with the intent to deliver within 1000 feet of a church, and one count of unlawful possession of a controlled substance with the intent to deliver and sentenced to three concurrent terms of 22 years' imprisonment. In October 2015, defendant filed a *pro se* motion alleging, in part, he was provided ineffective assistance by his trial counsel. At a December 2015 hearing, the trial court did not inquire into defendant's complaint about his counsel's performance.

¶ 2 Defendant appeals, arguing this court should (1) remand the matter because the trial court failed to conduct an inquiry into his *pro se* posttrial claim of ineffective assistance of counsel; (2) remand for a new trial and fitness hearing because the court failed to *sua sponte* order, and/or his trial counsel provided ineffective assistance by failing to request, a fitness evaluation when a *bona fide* doubt existed as to his fitness at the time of trial; (3) remand for a new trial because his right to due process and his right to confront witnesses were violated when his trial was held without him; (4) reverse his convictions for possession with intent to deliver because the State failed to prove beyond a reasonable doubt he had either actual or constructive possession of the discovered drugs; and (5) reduce his sentence or remand for a new sentencing hearing because his sentence is excessive in light of his mental illness and history of drug addiction.

¶ 3 Under *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984), and its progeny, we remand the matter for the trial court to conduct an inquiry into defendant's *pro se* posttrial claim of ineffective assistance of counsel. As a result, we do not reach defendant's other claims.

¶ 4                                   I. BACKGROUND

¶ 5                                   A. Indictment

¶ 6 In June 2014, the State charged defendant by indictment with unlawful delivery of a controlled substance within 1000 feet of a church (720 ILCS 570/407(b)(2) (West 2012)) (count I), unlawful delivery of a controlled substance (*id.* § 401(d)) (count II), unlawful delivery of a controlled substance within 1000 feet of a church (*id.* § 407(b)(1)) (count III), unlawful delivery of a controlled substance (*id.* § 401(c)(2)) (count IV), unlawful delivery of a controlled

substance within 1000 feet of a church (*id.* § 407(b)(1)) (count V), unlawful delivery of a controlled substance (*id.* § 401(c)(2)) (count VI), unlawful possession of a controlled substance with the intent to deliver within 1000 feet of a church (*id.* § 407(b)(1)) (count VII), and unlawful possession of a controlled substance with the intent to deliver (*id.* § 401(c)(2)) (count VIII). The State later nol-prossed counts I and II.

¶ 7                                     B. Bench Trial

¶ 8          On September 11, 2015, the trial court held a scheduled bench trial. Prior to commencing the trial, the court held a discussion on the record with defense counsel and the prosecuting attorney. Defendant was not present but rather remained in a holding cell. Defense counsel indicated defendant was "agitated," "very upset," and "expressed that he was going to hurt himself" because counsel was unwilling to present a defense that counsel found to have no basis in law. The court elicited comment from the supervising sergeant of court security, who explained defendant was "hitting the walls," "kicking the door," "demanding to go downstairs back to the jail," and "saying he's not coming into the courtroom." The court indicated it would recess to allow defense counsel to speak with defendant about his right to be present during trial.

¶ 9          After speaking with defendant, defense counsel returned to the courtroom, and the trial court continued a discussion on the record. Defendant remained in a holding cell. Defense counsel indicated he explained to defendant his right to be present at trial, to which defendant "repeatedly said he didn't understand and he intended to harm himself." Defense counsel noted defendant's agitation began that morning after counsel refused defendant's request to present a "police misconduct defense." The prosecutor noted defendant had not acted out in court previously and had no jail disciplinary reports. Defense counsel further noted defendant had

- 3 -

"always been civil up until this morning." The supervising sergeant noted he witnessed defendant with defense counsel and saw defendant knot a shirt around his own neck and attempt to flush the shirt in a toilet. The court found it would be appropriate for it to take additional measures to explain to defendant, on the record, of his right to be present at trial.

¶ 10    The trial court convened a hearing outside the holding cell with defense counsel, the prosecuting attorney, defendant, a court reporter, and court security. The court explained to defendant why he was going to trial and his right to be present, to which defendant maintained he did not understand. Defendant asserted "[t]he police department is trying to set me up" and "trying to kill me." Defendant repeatedly stated he did not understand why he was being charged and why he was going to trial. Defendant then sat on the floor in the back of the holding cell and refused to answer the court's question about waiving his right to be present at trial. The court found defendant had been fully admonished regarding his right to be present during his trial and his inappropriate behavior constituted a waiver of that right.

¶ 11    Back in the courtroom, the trial court continued the discussion on the record. With respect to the need for a fitness hearing, the court noted it had "numerous occasions" to interact with defendant during the case. The court found it did not have a *bona fide* doubt as to defendant's fitness. It believed "defendant is simply being uncooperative, and for whatever reason[,] he has chosen to do so." Defense counsel noted he and defendant had communicated "very well" and defendant became agitated only after their disagreement that morning. Defense counsel believed defendant was "fit to stand trial," and he "detected nothing to indicate" defendant did not understand the questions posed from counsel or the court. The prosecutor also

noted defendant had been "polite and respectful" when receiving discovery while previously *pro se*.

¶ 12　　　　　The trial court conducted defendant's bench trial in his absence. After the State presented its case in chief, the court requested defense counsel to again speak with defendant about being present and testifying. Defense counsel discussed the matter with the supervising sergeant, who discussed the matter with defendant and then related to defense counsel that defendant continued to refuse to appear in court. The defense rested without presenting any evidence.

¶ 13　　　　　Following closing arguments, the trial court found defendant guilty of counts III through VIII.

¶ 14　　　　　　　　　　　　　　C. Sentencing

¶ 15　　　　　On September 28, 2015, the trial court held a sentencing hearing. Defendant appeared in custody with defense counsel. The court merged count IV into count III, count VI into count V, and count VIII into count VII. It then sentenced defendant to three concurrent terms of 22 years' imprisonment.

¶ 16　　　　　　　　　　　D. Motion To Reconsider Sentence

¶ 17　　　　　On September 30, 2015, defendant, through counsel, filed a motion to reconsider his sentence, which asserted the sentence was excessive.

¶ 18　　　　　　　　　　　　　　E. *Pro Se* Motion

¶ 19　　　　　On October 1, 2015, defendant filed a *pro se* motion, titled "MOTION OF LEAVE APPEAL." In his motion, defendant alleged, in part, as follows:

"THE DEFENDANT WAS DENIED CONSTITUTION RIGHT 6TH AMENDMENT RIGHT TO PUBLIC FAIR TRAIL. EFFECTIVE ASSISTANCE OF COUNSEL ATTORNEY."

Defendant requested the trial court grant his motion and "RETRACT GUILTY VERDICT."

¶ 20                          F. Hearing on Defendant's Motion To Reconsider

¶ 21        In December 2015, the trial court held a hearing on defendant's motion to reconsider. After considering the arguments presented, the court denied defendant's motion. The court did not conduct an inquiry into defendant's *pro se* complaint about his counsel's performance.

¶ 22        This appeal followed.

¶ 23                                II. ANALYSIS

¶ 24        On appeal, defendant argues this court should (1) remand the matter because the trial court failed to conduct an inquiry into his *pro se* posttrial claim of ineffective assistance of counsel; (2) remand for a new trial and fitness hearing because the court failed to *sua sponte* order, and/or his trial counsel provided ineffective assistance by failing to request, a fitness evaluation when a *bona fide* doubt existed as to his fitness at the time of trial; (3) remand for a new trial because his right to due process and his right to confront witnesses were violated when his trial was held without him; (4) reverse his convictions for possession with intent to deliver because the State failed to prove beyond a reasonable doubt he had either actual or constructive possession of the discovered drugs; and (5) reduce his sentence or remand for a new sentencing hearing because his sentence is excessive in light of his mental illness and history of drug addiction.

¶ 25                                    A. Jurisdiction

¶ 26          As an initial matter, the State asserts we are without jurisdiction to address defendant's arguments. The State first recites the posttrial events, noting, in part, (1) "defendant filed a *pro se* motion directed against the judgment that alleged a denial of his right to effective assistance of counsel," and (2) "the trial court did not dispose of defendant's *pro se* posttrial motion." The State then argues as follows:

> "In these circumstances, the notice of appeal filed on December 23, 2015, was premature under [Illinois] Supreme Court Rule 606(b) [(eff. Dec. 11, 2014)]. [Record citation.] See [*People v. Willoughby*, 362 Ill. App. 3d 480, 484-85, 840 N.E.2d 803, 807 (2005)] (finding notice of appeal to be premature because motion for new trial was never disposed and no affirmative indication existed that the motion was abandoned apart from the filing of the notice of appeal). This court should not follow [*People v. Rucker*, 346 Ill. App. 3d 873, 883-84, 803 N.E.2d 31, 38-39 (2003)], which found that a *pro se* postjudgment motion 'had no effect' on jurisdiction where the *pro se* postjudgment motion failed to provide 'any supporting facts or specific claims of ineffectiveness.' The Supreme Court of Illinois disavowed *Rucker* by adopting the position that a defendant may make an 'express' claim of ineffective assistance of counsel in a *pro se* posttrial motion without including specific examples, factual allegations, or

additional support. *People v. Ayres*, 2017 IL 120071, ¶¶ 9, 14, 16, 18, 22."

In effect, the State asserts, under Rule 606(b), defendant's notice of appeal was premature and this court lacks jurisdiction because the trial court has not disposed of defendant's pending *pro se* posttrial motion.

¶ 27        The State suggests the circumstances presented are similar to those in *Willoughby*. In that case, defense counsel filed a timely motion for a new trial, which the trial court failed to address. *Willoughby*, 362 Ill. App. 3d at 481. The Second District concluded, under Rule 606(b), the defendant's notice of appeal was premature and it lacked jurisdiction because the trial court had not disposed of the timely posttrial motion directed against the judgment. *Id.* at 482. In the instant case defendant, as opposed to defense counsel, filed the pending posttrial motion. The State fails to address the import of this distinction.

¶ 28        It has long been held a defendant has no authority to file *pro se* motions when he or she is represented by counsel. See *People v. Handy*, 278 Ill. App. 3d 829, 836, 664 N.E.2d 1042, 1046 (1996); *People v. Neal*, 286 Ill. App. 3d 353, 355, 675 N.E.2d 130, 131 (1996); *People v. James*, 362 Ill. App. 3d 1202, 1205, 841 N.E.2d 1109, 1113 (2006); *People v. Hampton*, 2011 IL App (4th) 100219, ¶¶ 11-13, 959 N.E.2d 1158. "A defendant has the right to proceed either *pro se* or through counsel; he has no right to some sort of hybrid representation whereby he would receive the services of counsel and still be permitted to file *pro se* motions." *People v. Stevenson*, 2011 IL App (1st) 093413, ¶ 30, 960 N.E.2d 739. A trial court should not consider *pro se* motions filed by defendants who are represented by counsel. *Hampton*, 2011 IL App (4th) 100219, ¶¶ 11-13. The only exception is where a defendant's *pro se* motion is directed

against his or her counsel's performance. *Id.* ¶ 12. That exception stems from a line of cases beginning with *Krankel*.

¶ 29       In *Rucker*, 346 Ill. App. 3d at 883, the First District stated it was tasked with determining "whether [the defendant's] *pro se* motion for reduction of sentence adequately raised an issue of ineffective assistance of counsel, in which case it would be an exception to the general rule that defendants are not entitled to file *pro se* motions while represented by counsel and, *under Rule 606, would make the notice of appeal ineffective*." (Emphasis added.) The court found the defendant's motion failed to sufficiently raise an issue of ineffective assistance where it simply asserted he " 'had inadequate representation by counsel,' without providing any supporting facts or specific claims of ineffectiveness." *Id.* The court concluded: "Thus, [the defendant's] *pro se* motion for reduction of sentence had no effect on the notice of appeal under Rule 606, and we have jurisdiction." *Id.* at 884.

¶ 30       The State correctly points out our supreme court has disavowed *Rucker* to the extent it found an express claim of ineffective assistance alone is insufficient to raise an issue of ineffective assistance. See *Ayres*, 2017 IL 120071, ¶¶ 14-24. While the State broadly asserts we should not follow *Rucker*, it implicitly asserts we should accept the suggestion in *Rucker* indicating a *pro se* posttrial motion adequately raising a claim of ineffective assistance of counsel would make a notice of appeal ineffective under Rule 606(b) and divest this court of jurisdiction. We decline to do so.

¶ 31       "A reviewing court has an independent duty to consider issues of jurisdiction, regardless of whether either party has raised them." *People v. Smith*, 228 Ill. 2d 95, 104, 885 N.E. 2d 1053, 1058 (2008). Since *Rucker* was decided, no court has found a trial court's failure

to dispose of a *pro se* motion adequately raising a claim of ineffective assistance renders a notice of appeal premature or ineffective. In fact, the opposite is true. In both *People v. Patrick*, 2011 IL 111666, ¶ 13, 960 N.E.2d 1114, and *Ayres*, 2017 IL 120071, ¶ 6, the defendants filed *pro se* posttrial motions raising claims of ineffective assistance of counsel, which the trial courts failed to consider. In each case, the supreme court addressed the merits of whether the trial courts erred in failing to conduct an inquiry into the defendants' *pro se* posttrial claims of ineffective assistance. *Patrick*, 2011 IL 111666, ¶¶ 28-43; *Ayres*, 2017 IL 120071, ¶¶ 9-24. In fact, in *Patrick* the supreme court considered and rejected an argument suggesting the appellate court lacked jurisdiction to review the defendant's *pro se* motion. *Patrick*, 2011 IL 111666, ¶¶ 19-27. In both cases, the supreme court found the cause must be remanded due to the trial court's failure to conduct the necessary inquiry. *Patrick*, 2011 IL 111666, ¶ 45; *Ayres*, 2017 IL 120071, ¶ 26.

¶ 32        The exception for allowing a defendant to file a *pro se* posttrial motion raising a claim of ineffective assistance of counsel while represented by counsel has evolved as a matter of common law. *Ayres*, 2017 IL 120071, ¶ 11. In *Patrick*, 2011 IL 111666, ¶¶ 28-30, the supreme court rejected the State's argument suggesting section 116-1(b) of the Code of Criminal Procedure (725 ILCS 5/116-1(b) (West 2006)) required defendants to file a *pro se* motion raising a claim of ineffective assistance within 30 days after the entry of the guilty verdict. The court stated:

> "[T]he State's attempt to graft the statutory requirement in section 116-1(b) onto a common law remedy is fundamentally flawed. A *pro se* posttrial motion alleging ineffective assistance of counsel is not a new trial motion as outlined in section 116-1. Rather, it is

part of a separate common law procedure developed in a line of cases beginning with *Krankel*." *Patrick*, 2011 IL 111666, ¶ 30.

Like *Patrick*, we reject the State's application of Rule 606(b) onto the common-law procedure developed by *Krankel* and its progeny. Rule 606(b) provides: "When a timely posttrial or postsentencing motion directed against the judgment has been filed by counsel or by defendant, if not represented by counsel, any notice of appeal filed before the entry of the order disposing of all pending postjudgment motions shall have no effect and shall be stricken by the trial court." Ill. S. Ct. R. 606(b) (eff. Dec. 11, 2014). Rule 606(b) discusses the impact of the filing of a posttrial motion "by counsel or by defendant, if not represented by counsel," on a notice of appeal. *Id.* It does not consider the common-law procedure for the filing of *pro se* motions while represented by counsel. We find Rule 606(b) was not intended to constrain our jurisdiction under these circumstances. We have jurisdiction.

¶ 33                               B. Preliminary *Krankel* Inquiry

¶ 34        Defendant argues this court should remand the matter because the trial court failed to conduct an inquiry into his *pro se* posttrial claim of ineffective assistance of counsel. The State concedes defendant's claim was sufficient to trigger the court's duty to conduct a preliminary inquiry and its failure to do so requires this court to remand the matter.

¶ 35        Under *Krankel* and its progeny, when a defendant raises a *pro se* posttrial claim of ineffective assistance, the trial court must conduct an inquiry into the factual basis of the defendant's claim to determine whether new counsel should be appointed to assist the defendant. See *Krankel*, 102 Ill. 2d at 189; *People v. Johnson*, 159 Ill. 2d 97, 126, 636 N.E.2d 485, 498 (1994); *People v. Moore*, 207 Ill. 2d 68, 77-78, 797 N.E.2d 631, 637 (2003). In conducting its

- 11 -

inquiry, the court may (1) ask defense counsel to "answer questions and explain the facts and circumstances" relating to the claim, (2) briefly discuss the claim with the defendant, or (3) evaluate the claim based on "its knowledge of defense counsel's performance at trial" as well as "the insufficiency of the defendant's allegations on their face." *Moore*, 207 Ill. 2d at 78-79. Where the court's inquiry discloses a "possible neglect of the case," it should appoint new counsel to independently investigate and represent the defendant at a separate hearing. *Id.* at 78. If, on the other hand, the court determines the claim "lacks merit or pertains only to matters of trial strategy," the court may deny the claim without appointing new counsel. *Id.*

¶ 36        Here, the trial court did not conduct an inquiry into defendant's complaints about his counsel's performance. Therefore, the only question—a question of law subject to *de novo* review—is whether the allegations in defendant'*s pro se* posttrial motion were sufficient to trigger the court's duty to conduct such an inquiry. *People v. Taylor*, 237 Ill. 2d 68, 75-76, 927 N.E.2d 1172, 1176 (2010). In hi*s pro se* posttrial motion, defendant explicitly alleged he was denied the "EFFECTIVE ASSISTANCE OF COUNSEL." As previously indicated, our supreme court has found an express allegation of ineffective assistance of counsel is sufficient to trigger a trial court's duty to conduct a preliminar*y Krankel* inquiry. *Ayres*, 2017 IL 120071, ¶ 18. We accept the State's concession and find the allegation in defendant's *pro se* posttrial motion was sufficient to trigger the court's duty to conduct a preliminar*y Krankel* inquiry. Because the trial court failed to conduct an inquiry into defendant's claim of ineffective assistance of counsel, the matter must be remanded. See *Patrick*, 2011 IL 111666, ¶ 43 (remanding where the trial court failed to conduct a necessary preliminary *Krankel* inquiry).

¶ 37　　　　As the matter must be remanded to allow the trial court to conduct a preliminary *Krankel* inquiry, we decline to address defendant's other claims on appeal. See *Ayres*, 2017 IL 120071, ¶ 13 ("[T]he goal of any *Krankel* proceeding is to facilitate the trial court's full consideration of a defendant's *pro se* claim and thereby potentially limit issues on appeal."). Depending on the result of the preliminary *Krankel* inquiry, defendant's other claims may become moot. We direct appellate counsel to provide copies of their briefs to the trial attorneys and trial court in this case.

¶ 38　　　　　　　　　　　　　　III. CONCLUSION

¶ 39　　　　We remand for the trial court to conduct an inquiry into defendant's *pro se* posttrial claim of ineffective assistance of counsel.

¶ 40　　　　Remanded with directions.