# Illinois Official Reports

## Appellate Court

---

### *People v. Abdullah*, 2018 IL App (2d) 150840

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MUHAMMAD S. ABDULLAH, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-15-0840 |
| Filed<br>Rehearing denied | February 27, 2018<br>March 21, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 04-CF-1069; the Hon. George Bridges, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and David T. Harris, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Michael G Nerheim, State's Attorney, of Waukegan (Patrick Delfino, Lawrence M. Bauer, and Barry W. Jacobs, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion.<br>Justices Burke and Birkett concurred in the judgment and opinion. |

**OPINION**

¶ 1      Defendant, Muhammad S. Abdullah, appeals from an order of the circuit court of Lake County dismissing his petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)). The petition sought relief regarding defendant's sentences for first degree murder (720 ILCS 5/9-1(a) (West 2004)) and attempted first degree murder (*id.* §§ 8-4(a), 9-1(a)). Defendant argues that orders modifying his original sentences are void because they were entered while an appeal was pending such that the trial court lacked jurisdiction over the case. Defendant alternatively argues that the orders are void, in part, because they were entered pursuant to a sentencing statute that was unconstitutional when the offenses were committed. We affirm.

¶ 2      Defendant's convictions arose from the shooting death of Marco Wilson and the nonfatal shooting of Luis Melendez. Defendant committed both crimes on March 15, 2004, and was found guilty following a jury trial. On August 17, 2005, the trial court sentenced defendant to concurrent prison terms of 40 years for first degree murder and 20 years for attempted first degree murder. On September 2, 2005, the State filed a "Motion to Impose Mandatory Minimum and Mandatory Consecutive Sentence." The State argued that consecutive sentences were mandatory under section 5-8-4(a)(i) of the Unified Code of Corrections (730 ILCS 5/5-8-4(a)(i) (West 2004)). During the relevant time frame, section 5-8-4(a)(i) required consecutive sentences if "one of the offenses for which the defendant was convicted was first degree murder or a Class X or Class 1 felony and the defendant inflicted severe bodily injury." *Id.* Furthermore, for first degree murder, the State sought to have defendant sentenced to a prison term of at least 45 years, representing the 20-year minimum prison term for that offense plus an additional 25 years because, in committing the offense, defendant personally discharged a firearm, causing Wilson's death (*id.* § 5-8-1(a)(1)(d)(iii)). On September 8, 2005, defendant filed a notice of appeal. On September 13, 2005, the State moved to dismiss the notice of appeal as untimely. The State argued that the sentences imposed on August 17, 2005, were invalid. According to the State, defendant could not bring an appeal until valid sentences had been imposed. On October 13, 2005, the trial court struck defendant's notice of appeal.

¶ 3      On November 17, 2005, the trial court resentenced defendant to consecutive prison terms of 50 years for first degree murder and 31 years for attempted first degree murder. Defendant moved for reconsideration, arguing, *inter alia*, that once the notice of appeal was filed the trial court lacked jurisdiction to increase defendant's sentences. The trial court rejected the argument. On January 20, 2006, the trial court reduced the prison term for attempted first degree murder to 26 years, representing the 6-year minimum prison term for that offense plus an additional 20 years because, in committing the offense, defendant personally discharged a firearm (720 ILCS 5/8-4(c)(1)(C) (West 2004)). Defendant appealed, and we affirmed defendant's convictions and sentences. *People v. Muhammad*, No. 2-06-0086 (2008) (unpublished order under Illinois Supreme Court Rule 23) (*Abdullah I*). [1] Defendant subsequently filed a petition under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2008)), which the trial court summarily dismissed (*id.* § 122-2.1(a)(2)).

---

[1]We note that, although the record in that case gave defendant's name as Abdullah Muhammad, defendant represents himself, according to his own statement of his name on his *pro se* petition in this case, as Muhammad Abdullah.

¶ 4    On January 27, 2014, defendant filed a *pro se* petition under section 2-1401 in which he claimed that the addition of 25 years to his sentence for first degree murder and 20 years to his sentence for attempted first degree murder violated the constitutional prohibition of *ex post facto* laws. Defendant further argued that those additions to his sentences deprived him of due process because they were based on facts that were not alleged in the charging instrument and were not submitted to the jury and proved beyond a reasonable doubt. Defendant later filed *pro se* (1) a "Supplemental Argument," contending that the imposition of consecutive sentences likewise deprived him of due process, and (2) a "Motion for 'Additional § 2-1401 Relief from Void Judgment,' " contending that a fraudulent instruction had been given to the jury. Through counsel, defendant subsequently filed an "Amended Motion to Vacate a Portion of Defendant's Sentence as Void, Pursuant to 735 ILCS 2-1401; and, for Resentence," arguing again that the facts upon which the modifications to his sentences were based were not submitted to the jury and proved beyond a reasonable doubt. The State moved to dismiss defendant's petition, and the trial court granted the motion. Defendant unsuccessfully moved for reconsideration, and this appeal followed.

¶ 5    Section 2-1401 allows a litigant "to bring before the court facts which, had they been known at trial, would have prevented the entry of the contested judgment." *People v. Gray*, 247 Ill. App. 3d 133, 142 (1993). Normally, a petition under section 2-1401 must be filed more than 30 days, but not later than 2 years, after the entry of the judgment. 735 ILCS 5/2-1401(a), (c) (West 2016). The two-year limitations period does not apply where the petitioner alleges that the judgment is void. *Urban Partnership Bank v. Ragsdale*, 2017 IL App (1st) 160773, ¶ 16.

¶ 6    Defendant argues that the trial court's orders modifying his sentences were void for lack of jurisdiction. The State argues that the issues defendant raises are barred under the doctrines of *res judicata* and forfeiture. The State alternatively argues that the trial court had jurisdiction to modify defendant's sentences. We first consider the State's *res judicata* and forfeiture arguments.

¶ 7    In support of its *res judicata* argument, the State cites *People v. Johnson*, 2015 IL App (2d) 140388, which observed that " '[t]he doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the parties or their privies on the same cause of action.' " *Id.* ¶ 6 (quoting *People v. Carroccia*, 352 Ill. App. 3d 1114, 1123 (2004)). Collateral estoppel, which is a branch of *res judicata*, "provides a similar conclusive effect when the same parties or their privies attempt to relitigate the identical issues actually or necessarily decided by a court of competent jurisdiction in an earlier, but different, cause of action." *In re Marriage of Donnellan*, 90 Ill. App. 3d 1032, 1036 (1980).

¶ 8    The State observes that the effect of the notice of appeal was litigated in the trial court. However, in *People v. Harper*, 345 Ill. App. 3d 276, 285 (2003), cited by defendant in his reply brief, the court stated that, "[b]ecause a party may attack a void sentence literally 'at any time, either directly or collaterally' [citation], *res judicata* or the doctrine of waiver would not prevent a party from doing so [citation]." For the same reason, defendant did not forfeit his argument. *People v. Price*, 2016 IL 118613, ¶ 30 ("When we say that a judgment is void, that judgment may be challenged at any time, either directly or collaterally, and the challenge is not subject to forfeiture or other procedural restraints." (Internal quotation marks omitted.)). We

therefore reject the State's arguments[2] and turn our attention to defendant's contention that his sentences are void.

¶ 9     It is well established that "the jurisdiction of the appellate court attaches upon the *proper filing* of a notice of appeal." (Emphasis added.) *Daley v. Laurie*, 106 Ill. 2d 33, 37 (1985). At that point, "the cause is beyond the jurisdiction of the trial court." *Id.* However, a premature notice of appeal is ineffective (*Penn v. Gerig*, 334 Ill. App. 3d 345, 353 (2002)) and does not divest the trial court of jurisdiction (*McGary v. Illinois Farmers Insurance*, 2016 IL App (1st) 143190, ¶ 49).

¶ 10    The time for filing a notice of appeal in a criminal case is governed by Illinois Supreme Court Rule 606(b) (eff. Dec. 1, 1999). When defendant filed his notice of appeal, Rule 606(b) provided, in pertinent part:

> "Except as provided in Rule 604(d), the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion. When a timely post-trial or post-sentencing motion directed against the judgment has been filed by counsel or by defendant, if not represented by counsel, any notice of appeal filed before the entry of the order disposing of all pending post-judgment motions shall have no effect and shall be stricken by the trial court. *** This rule applies whether the timely post-judgment motion was filed before or after the date on which the notice of appeal was filed." Ill. S. Ct. R. 606(b) (eff. Dec. 1, 1999).

¶ 11    Defendant filed his notice of appeal after the State filed its motion to modify his sentences but before the trial court ruled on that motion. Whether the trial court retained jurisdiction depends on whether the State's motion rendered defendant's notice of appeal ineffective. Defendant contends that it did not. He argues that, under Rule 606(b), only a motion filed by the defendant renders a notice of appeal ineffective. He also argues that no statute or Illinois Supreme Court rule authorized the type of motion that the State filed.

¶ 12    Defendant's argument initially requires us to interpret Rule 606(b). The principles of statutory construction likewise apply to the interpretation of supreme court rules. *People v. Geiler*, 2016 IL 119095, ¶ 17. "In construing a statute or rule, our primary objective is to ascertain and give effect to the drafters' intent." *Id.* We look to the plain language of a statute or rule as the best indication of the drafters' intent. *Id.*

¶ 13    The first sentence of Rule 606(b) provides, in pertinent part, that "the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." Ill. S. Ct. R. 606(b) (eff. Dec. 1, 1999). This sentence does not distinguish between motions filed by the defendant and those filed by the

---

[2]In addition, the State argues that, in *Abdullah I*, we noted that defendant conceded that his sentences were "statutorily correct." *Abdullah I*, slip order at 14. In fact, defendant conceded only that the sentence for attempted murder was statutorily correct. More importantly, even if *res judicata* could bar relitigation of the question of voidness, the concession that the modified sentences were statutorily correct would not preclude defendant from arguing that the modified sentences are void because the trial court lacked jurisdiction to enter them. See *People v. Castleberry*, 2015 IL 116916, ¶ 15 (voidness is a question of jurisdiction, not statutory compliance).

State. Under the plain language of this part of the rule, a notice of appeal filed before the disposition of a motion filed by either the defendant or the State would be premature and would not vest jurisdiction in the appellate court. Jurisdiction would thus remain in the trial court until the disposition of the motion.

¶ 14     Defendant's argument is founded on the second sentence of Rule 606(b), which provides, "[w]hen a timely post-trial or post-sentencing motion directed against the judgment has been filed by counsel or by defendant, if not represented by counsel, any notice of appeal filed before the entry of the order disposing of all pending post-judgment motions shall have no effect and shall be stricken by the trial court." *Id.* Defendant interprets "counsel" to mean "defense counsel," such that only a pending *defense* motion renders the notice of appeal ineffective and requires it to be stricken. It is possible that the rule uses the term "counsel" in this limited sense. However, the State is also represented by counsel—usually an assistant state's attorney—in criminal cases, and the supreme court easily could have stated specifically "defense counsel." Accord *People v. Dunson*, 316 Ill. App. 3d 760 (2000) (where criminal case was prosecuted by assistant state's attorney who was not licensed to practice law, conviction was void). Thus, it is possible to read "counsel" as a reference to counsel for the State as well as to counsel for the defendant.

¶ 15     In light of the foregoing, we conclude that Rule 606(b) is ambiguous. "A statute is ambiguous if it is capable of more than one reasonable interpretation." *Nowak v. City of Country Club Hills*, 2011 IL 111838, ¶ 11. When interpreting an ambiguous statute, "[a] court may look to the nature, purpose and necessity of the statute, any evils the statute was intended to remedy, and the consequences of each alternative construction." *Cella v. Sanitary District Employees' & Trustees' Annuity & Benefit Fund*, 266 Ill. App. 3d 558, 563 (1994).

¶ 16     Consideration of the consequences of the two alternative constructions favors reading "counsel" to include counsel for the State. If the trial court loses jurisdiction when a defendant files a notice of appeal while a motion by the State is pending, the appellate court would be unable to decide all of the issues before the trial court. Unless the defendant's conviction is reversed, a remand would be necessary to resolve the State's motion. If the State's motion were granted, the defendant might very well bring a second appeal. Considerations of judicial economy militate against that outcome. In contrast, if "counsel" includes counsel for the State, these problems are avoided. No appeal will take place until the State's motion has been resolved, and the appellate court will therefore have the opportunity to consider all issues in a single appeal.

¶ 17     The foregoing assumes that the State is entitled to file a motion to correct sentences that do not conform to the law. Defendant argues that the State may not file such a motion. Defendant contends that there is no statute or court rule that authorizes the State to do so. We are aware of no authority stating that all motions in criminal cases must be authorized by statute or rule. The cases cited by defendant—*People v. Miraglia*, 323 Ill. App. 3d 199 (2001), and *People v. Neal*, 286 Ill. App. 3d 353 (1996)—are inapposite. In *Miraglia*, this court held that the defendant's second motion directed against the judgment did not extend the time for filing his notice of appeal. In *Neal*, it was held that a defendant who was represented by counsel had no authority to file a *pro se* motion directed against the judgment. The court further held that the unauthorized motion did not extend the time for filing a notice of appeal and did not nullify a notice of appeal filed within 30 days after the entry of the judgment. Accordingly, we reject defendant's argument.

¶ 18    Defendant next challenges, on constitutional grounds, the enhancement of his sentence for attempted first degree murder. Defendant notes that in *People v. Morgan*, 203 Ill. 2d 470 (2003), the statute providing for such an enhancement was held to violate the proportionate-penalties clause of our state constitution. The *Morgan* court applied a cross-comparison analysis. However, as defendant notes, in *People v. Sharpe*, 216 Ill. 2d 481 (2005), our supreme court abandoned the cross-comparison analysis. Defendant admits that, under *Sharpe*, the applicable enhancement statute is presently constitutional. Defendant argues, however, that because he committed attempted murder during the interval between the decisions in *Morgan* and *Sharpe*, *Morgan* is controlling. According to defendant, during the interval between *Morgan* and *Sharpe*, the statute was unconstitutional on its face and therefore void *ab initio*. Thus, according to defendant, his sentence is void.

¶ 19    In support of the proposition that *Morgan* controls here, defendant cites a California decision, *People v. Visciotti*, 825 P.2d 388 (Cal. 1992). As pertinent here, *Visciotti* relied, in part, on *In re Baert*, 252 Cal. Rptr. 418 (Ct. App. 1988). In *Baert*, the court was called upon to decide which of two decisions interpreting a death penalty aggravating factor was applicable to a crime committed in the interval between the decisions. The earlier decision added an element to the State's burden of proof. The later decision eliminated that element. The *Baert* court held that the later decision, if applied to crimes committed during the interval between the two decisions, would function as an *ex post facto* law.

¶ 20    Defendant's reliance on *Visciotti* (and, by implication, *Baert*) is misplaced. *Visciotti* and *Baert* do not support the proposition that the constitutionality of a statute varies over time. Here, the firearm enhancement factor for attempted murder was not unconstitutional prior to *Sharpe*; it was erroneously held to be unconstitutional. *Sharpe* might have functioned as an *ex post facto* law in this case, but it is too late to correct that error. Given that defendant did not file his petition within the ordinary two-year limitations period for section 2-1401 proceedings, he must show that the judgment he challenges is void. Defendant's only theory of voidness is that the applicable statute is void *on its face*. "A statute is facially invalid only if there is no set of circumstances under which the statute would be valid." *People v. Gray*, 2017 IL 120958, ¶ 58. An *ex post facto* challenge to a criminal law does not apply to crimes committed after the law takes effect, so the law is not unconstitutional on its face.

¶ 21    For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal. 55 ILCS 5/4-2002(a) (West 2016); see also *People v. Nicholls*, 71 Ill. 2d 166, 178 (1978).

¶ 22    Affirmed.