NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 230292-U

NO. 4-23-0292

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 27, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Ford County |
| ARTHURO L. CRAWFORD, | ) | No. 22CF101 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Matthew J. Fitton, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Presiding Justice Cavanagh and Justice Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court remanded the cause for a preliminary inquiry into defendant's unaddressed *pro se* posttrial claims of ineffective assistance of counsel.

¶ 2    Defendant, Arthuro L. Crawford, appeals his convictions for criminal sexual assault (720 ILCS 5/11-1.20(a)(1) (West 2022)), two counts of aggravated domestic battery (720 ILCS 5/12-3.3(a), 12-3.3(a-5) (West 2022)), and one count of unlawful restraint (720 ILCS 5/10-3 (West 2022)). The trial court sentenced defendant to 15 years in prison for criminal sexual assault, 7 years for each of the aggravated domestic battery convictions, and a 6-year extended-term sentence for the unlawful restraint conviction, all to run concurrently. Defendant argues that (1) the court erred in admitting, as an excited utterance, a 19-minute body camera recording of an officer's initial meeting with the alleged victim, (2) he received ineffective assistance of counsel, (3) the court

erred in sentencing him to an extended-term sentence for the unlawful restraint conviction, and (4) the case should be remanded for an inquiry into his posttrial claims of ineffective assistance of counsel. Pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), and its progeny, we remand for a preliminary inquiry into defendant's unaddressed *pro se* posttrial claims of ineffective assistance of counsel. Accordingly, we decline to address defendant's other arguments.

¶ 3                                    I. BACKGROUND

¶ 4        We provide only the facts necessary to understand the dispositive *Krankel* issue. The State charged defendant by information with the offenses mentioned above, all of which allegedly occurred on or about September 2, 2022. Defendant's five-day jury trial began on January 23, 2023. The jury found defendant guilty of all charges.

¶ 5        On March 14, 2023, the trial court heard and denied defendant's motion for a new trial. Defendant then told the court, *inter alia*, (1) he did not have a chance to provide or review evidence, (2) his attorney "[s]aid he'd come see me yesterday, he didn't come see me," and (3) he did not get a chance to talk to his attorney or get a phone for evidence. Defendant was admonished by the court not to address the court directly, that this was the sentencing stage, and to refrain from outbursts if he wanted to be present for his sentencing. In response to defendant's statement that his attorney did not see him the prior day, the court said, "That's between you and your attorney." The court took a recess of approximately 20 minutes to give defendant time to talk to his attorney. After the recess, the court admonished defendant that outbursts would not be tolerated, the case was scheduled for sentencing, he could make a statement in allocution, and if he could not "behave" he could be sentenced in his absence.

¶ 6 The matter then immediately proceeded to sentencing. Defendant spoke multiple times over a witness testifying in aggravation and was removed from the courtroom. Defendant was sentenced in his absence.

¶ 7 Thereafter, defendant sent the trial judge a letter, dated March 21, 2023, which was file-stamped by the circuit court clerk of Ford County on March 27, 2023. In that letter, *inter alia*, defendant stated his counsel was ineffective and he explained he was not able to gather any evidence to support his defense. On March 22, 2023, the trial court denied defendant's motion to reconsider the sentence, which had been filed through counsel. The court also admonished defendant of his appeal rights that he was not given when he was removed from the sentencing hearing. The court made a docket entry on March 27, 2023, that the court filed defendant's *ex parte* communication and gave a copy of it to defense counsel.

¶ 8 Defendant filed a notice of appeal on March 31, 2023, which he amended on April 12, 2023. This appeal followed.

¶ 9                                     II. ANALYSIS

¶ 10 The parties agree that defendant's March 21, 2023, letter raised claims of ineffective assistance of counsel since it expressly claimed trial counsel was ineffective. The State agrees that defendant's letter to the trial court was timely since it was filed within 30 days after the denial of his motion to reconsider his sentence and before the filing of the notice of appeal. See *People v. Patrick*, 406 Ill. App. 3d 548, 565 (2010). Further, the parties agree the court erred in failing to hold a preliminary *Krankel* hearing to address defendant's *pro se* ineffective assistance claims and that the case must be remanded for a *Krankel* inquiry. See *People v. Ayres*, 2017 IL 120071, ¶ 11; *People v. Horman*, 2018 IL App (3d) 160423, ¶¶ 29-30. The parties also agree that the court erred in sentencing defendant to an extended term for the unlawful restraint conviction

- 3 -

since this was not the most serious offense for which he was convicted. See *People v. Jordan*, 103 Ill. 2d 192, 206 (1984); 730 ILCS 5/5-8-2(a) (West 2022). Neither party provides support for us to address the sentencing issue prior to the remand for the *Krankel* inquiry.

¶ 11    The State argues we should decline to address defendant's claims other than the sentencing issue since the *Krankel* determination could make those issues moot. See *People v. Bell*, 2018 IL App (4th) 151016, ¶ 37; *People v. Rhodes*, 2019 IL App (4th) 160917, ¶ 21.

¶ 12    To trigger the duty to conduct a preliminary *Krankel* inquiry, "a *pro se* defendant is not required to do any more than bring his or her claim to the trial court's attention." *People v. Moore*, 207 Ill. 2d 68, 79 (2003). It must be "clear" that the defendant is claiming ineffective assistance of counsel. *Ayres*, 2017 IL 120071, ¶ 18. A duty to conduct a preliminary *Krankel* inquiry may arise from something a defendant writes in a letter or says in open court. *Ayres*, 2017 IL 120071, ¶ 11; *Horman*, 2018 IL App (3d) 160423, ¶¶ 29-30.

¶ 13    When a defendant claims ineffective assistance of counsel, the trial court should first conduct an inquiry into the underlying factual basis of the defendant's allegation. *Moore*, 207 Ill. 2d at 79. If the court determines that the claim lacks merit or pertains only to matters of trial strategy, the court is not required to appoint new counsel and may deny the *pro se* motion. *People v. Roddis*, 2020 IL 124352, ¶ 35. However, if the allegations show possible neglect of the case, the court should appoint new counsel to represent the defendant at a hearing on his claims of ineffective assistance. *Roddis*, 2020 IL 124352, ¶¶ 35-36.

¶ 14    Addressing claims of ineffective assistance of counsel at the trial level serves the interests of judicial economy by limiting appellate issues and providing the reviewing court with a sufficient record to review the defendant's claims. *Ayres*, 2017 IL 120071, ¶ 21; *People v. Jackson*, 2016 IL App (1st )133741, ¶ 69. "The trial court [cannot] simply ignore or fail to address

- 4 -

a claim of ineffective assistance of counsel without consideration of the claim's merits." *People v. Willis*, 2013 IL App (1st) 110233, ¶ 72. Instead, the court "must inquire regarding the factual basis of a defendant's claim." *People v. Bolton*, 382 Ill. App. 3d 714, 718 (2008).

¶ 15 Our standard of review "depends on whether the trial court did or did not determine the merits of the defendant's *pro se* posttrial claims of ineffective assistance of counsel." *People v. Jackson*, 2020 IL 124112, ¶ 98. To that end, we review *de novo* the issue of whether a defendant's allegations triggered a duty to conduct a preliminary *Krankel* inquiry. *Bell*, 2018 IL App (4th) 151016, ¶ 36.

¶ 16 Here, the trial court's duty to conduct a preliminary *Krankel* inquiry was triggered twice, after the denial of defendant's motion for a new trial and in defendant's *pro se* letter to the trial judge. After the court denied defendant's motion for a new trial, defendant informed the court that he had not been able to communicate with his attorney and he was not able to see or review case evidence. The court's response was to give defendant time to speak directly to his attorney. Defendant's oral assertions amounted to ineffective assistance of counsel claims. The court did not inquire into the factual basis of defendant's claims.

¶ 17 Defendant's March 21, 2023, letter to the trial judge included, *inter alia*, defendant's statement: "First off I've experienced ineffective assistance of counsel with my court appointed public defender Mr. Harvey Welch. I wasn't able to gather *any* evidence to support my defense, nor did Harvey fulfill any of my request [*sic*] to gather my evidence." (Emphasis in original.) Defendant was unambiguously complaining about his counsel's performance at trial. Defendant's letter triggered a duty for the trial court to conduct a preliminary *Krankel* inquiry regarding his ineffective assistance claims. The court made no such inquiry.

¶ 18　　　　　　Accordingly, we remand for the trial court to conduct a preliminary *Krankel* inquiry into defendant's unaddressed *pro se* posttrial claims of ineffective assistance of counsel. We decline to address the other issues defendant raises in this appeal. See *Bell*, 2018 IL App (4th) 151016, ¶¶ 24, 37 (declining to address the defendant's remaining arguments, including a challenge to the sufficiency of the evidence, where the cause first had to be remanded for the trial court to conduct a preliminary *Krankel* inquiry). Defendant asks us to address his other claims but provides no authority to address those claims prior to remand. We recognize the parties agree there was a sentencing error. However, like the other claims defendant raises, that issue could potentially be mooted, depending on the trial court's resolution of defendant's ineffective assistance claims. The parties and the court may take up the sentencing issue on remand, if appropriate. We do not intend for this decision to have *res judicata* effect with respect to any of defendant's claims except the *Krankel* issue.

¶ 19　　　　　　　　　　　　　　　　III. CONCLUSION

¶ 20　　　　　　For the reasons stated, we remand the cause for a preliminary *Krankel* inquiry into defendant's unaddressed *pro se* posttrial claims of ineffective assistance of counsel.

¶ 21　　　　　　Remanded with directions.