# Illinois Official Reports

## Appellate Court

---

### *People v. Roberson*, 2021 IL App (3d) 190212

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWARD ROBERSON, Defendant-Appellant. |
| District & No. | Third District<br>No. 3-19-0212 |
| Rule 23 order filed<br>Motion to<br>publish allowed<br>Opinion filed | July 9, 2021<br><br>August 5, 2021<br>August 5, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Rock Island County, No. 16-CF-839; the Hon. Norma Kauzlarich, Judge, presiding. |
| Judgment | Cause remanded. |
| Counsel on Appeal | James E. Chadd, Thomas A. Karalis, and Kelly M. Taylor, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Dora A. Villarreal, State's Attorney, of Rock Island (Patrick Delfino, Thomas D. Arado, and Nicholas A. Atwood, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

Panel	JUSTICE O'BRIEN delivered the judgment of the court, with opinion. Presiding Justice McDade and Justice Daugherity concurred in the judgment and opinion.

**OPINION**

¶ 1 Defendant, Edward Roberson, appeals following his convictions for home invasion, residential burglary, aggravated resisting of a police officer, and unlawful possession of a controlled substance. He raises a number of arguments on appeal, including that the Rock Island County circuit court failed to conduct a preliminary inquiry into his *pro se* claims of ineffective assistance of counsel, as mandated by *People v. Krankel*, 102 Ill. 2d 181 (1984). We remand the matter so that the court may make the appropriate inquiry.

¶ 2                                I. BACKGROUND
¶ 3 The State charged defendant with, *inter alia*, home invasion (720 ILCS 5/19-6(a)(1) (West 2016)), residential burglary (*id.* § 19-3(a)), aggravated resisting (*id.* § 31-1(a), (a-7)), and unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2016)).

¶ 4 A jury found defendant guilty of aggravated resisting and unlawful possession of a controlled substance. The jury was unable to reach a verdict on the charges of home invasion and residential burglary, and the circuit court declared a mistrial as to those charges. Defendant was found guilty of home invasion and residential burglary following a second trial.

¶ 5 On June 15, 2018, one week after the return of the verdict in defendant's second trial, he filed, as a self-represented litigant, a motion for new trial. In the motion, defendant made the following claims relating to the performance of trial counsel: (1) counsel refused to allow defendant to testify, (2) counsel did not allow defendant to review the transcripts of his first trial, (3) defendant possessed video evidence that would have been helpful to his case, but counsel "never checked into it or even watch[ed] the footage [to] see if it [would] help," and (4) counsel did not call to testify at the second trial two witness who had testified at the first trial and "who possibley [*sic*] could have help[ed] *** prove [defendant's] innocence[ ]."

¶ 6 At a court appearance on June 22, 2018, no mention was made of defendant's motion. However, defense counsel indicated that he had received a letter from defendant expressing some concerns with counsel's "continued representation." Defense counsel stated that, while he preferred to not disclose the specific contents of the letter, it appeared that defendant no longer wished to be represented by him. Defendant requested in his motion that he be allowed to proceed as a self-represented litigant.

¶ 7 The court inquired: "So what's [your] issue, [defendant]? Do you have an objection to [defense counsel] continuing to represent you on this case?" Defendant responded: "It doesn't even matter." An extended colloquy ensued, with the court repeatedly asking if defendant still wished to be represented by current defense counsel, assuring that "[T]oday is the day to tell me if you are not wanting him to represent you." Defendant continued to insist that it did not matter and that the court and counsel were "going to do what you all do." The court construed defendant's comments as raising no objection to counsel's continued representation.

- 2 -

¶ 8       On July 5, 2018, counsel filed a motion for new trial. The court heard and denied that motion on August 6, 2018. On the same date, the court sentenced defendant. See *infra* ¶ 11.

¶ 9       On August 24, 2018, defendant filed a "Motion to vacate, set aside[,] or correct the sentence/and ineffective counsel" as a self-represented litigant. In addition to claims already raised in his *pro se* motion for new trial, defendant added the following claims related to counsel's performance: (1) counsel refused to allow defendant to review discovery, (2) counsel declined to call "any witness on defendant's behalf," (3) counsel failed to inform defendant as to what evidence the State would produce, (4) counsel declined to file motions supplied by defendant with no explanation, (5) counsel "acted as if he had no clue about anything concerning [defendant]'s case," and (6) counsel fell asleep during the trial.

¶ 10       Defense counsel moved to withdraw his representation on September 21, 2018, citing a conflict of interest created by a complaint filed by defendant with the Attorney Registration and Disciplinary Commission. The court granted the motion to withdraw and appointed new counsel "to at least argue this last motion for reconsideration [of the sentence] for the record."

¶ 11       On January 22, 2019, new counsel filed a motion to reconsider sentence. That motion raised no issues with respect to the performance of prior counsel. The following April, the court modified defendant's sentence pursuant to new counsel's motion. It sentenced defendant to terms of imprisonment of 20 years for home invasion, 15 years for residential burglary, 6 years for aggravated resisting, and 6 years for unlawful possession. The latter three sentences were ordered to run concurrent to one another but consecutive to the sentence for home invasion.

## II. ANALYSIS

¶ 12

¶ 13       Defendant raises four arguments on appeal. He argues that (1) the circuit court abused its discretion by denying two separate motions for mistrial at defendant's second trial, (2) his conviction for residential burglary must merge with that for home invasion, such that the sentence for residential burglary must be vacated, (3) the circuit court failed to conduct the required inquiry into his posttrial claims of ineffective assistance of counsel, and (4) the circuit court improperly imposed extended-term sentences for aggravated resisting and unlawful possession. We find that remand is required to allow the circuit court to inquire into defendant's claims of ineffective assistance of counsel, and we therefore do not reach defendant's remaining arguments.

¶ 14       Where a defendant raises posttrial claims of ineffective assistance of counsel, it is not "automatically required" that new counsel be appointed to pursue those claims. *People v. Moore*, 207 Ill. 2d 68, 77 (2003). Rather, the circuit court should examine the factual basis for the defendant's claims, appointing new counsel to represent defendant at a full hearing only where the preliminary inquiry shows possible neglect of the case on the part of trial counsel. *Id.* at 77-78. This initial step is known as a "preliminary *Krankel* hearing" or "preliminary *Krankel* inquiry." *People v. Jolly*, 2014 IL 117142, ¶¶ 26-27. The preliminary inquiry serves the dual purposes of facilitating resolution of a defendant's claims and creating the necessary record for any ineffectiveness claims that may be raised on appeal. *Id.* ¶¶ 29, 38.

¶ 15       In addressing the adequacy of a preliminary inquiry, our supreme court has described that procedure as follows:

> "During this evaluation, some interchange between the trial court and trial counsel regarding the facts and circumstances surrounding the allegedly ineffective

representation is permissible and usually necessary in assessing what further action, if any, is warranted on a defendant's claim. Trial counsel may simply answer questions and explain the facts and circumstances surrounding the defendant's allegations. [Citations.] A brief discussion between the trial court and the defendant may be sufficient. [Citations.] Also, the trial court can base its evaluation of the defendant's *pro se* allegations of ineffective assistance on its knowledge of defense counsel's performance at trial and the insufficiency of the defendant's allegations on their face." *Moore*, 207 Ill. 2d at 78-79.

¶ 16    In the instant case, the State does not dispute that defendant's posttrial claims of ineffective assistance of counsel warranted a preliminary *Krankel* inquiry. However, it argues that the inquiry conducted by the circuit court was adequate and that the apparent brevity of the exchange was only the result of defendant's refusal to engage. The State also argues that defendant's present claim is moot, as new counsel was ultimately provided to him, thus satisfying the next step in the *Krankel* procedure.

¶ 17    Defendant raised his initial claims of ineffective assistance of counsel in a *pro se* motion for new trial filed on June 15, 2018. At the next court date, the court made no reference to that motion or the claims found therein. Instead, in reference to counsel's indication that defendant no longer desired his representation, the court stated: "So what's [your] issue, [defendant]? Do you have an objection to [defense counsel] continuing to represent you on this case?"

¶ 18    While the first of these questions might be construed as a broad invitation for defendant to air his grievances, defendant was provided no opportunity to answer *that* question. Instead, the court replaced it with a yes-or-no question bearing only on counsel's continued representation, not his prior performance. The court asked defendant no direct questions regarding the four specific claims raised by defendant. See *supra* ¶ 5. Nor did the court ask any questions of counsel, even though some simple questions may have yielded probative answers. For instance, the court could have asked counsel whether he had allowed defendant to review the transcripts of the first trial, or whether counsel had looked into the video evidence alleged to have existed by defendant. Finally, we note that some of defendant's initial four claims would have concerned conversations between counsel and defendant, such that the circuit court would be unable to pass judgment based solely on its observations at trial.

¶ 19    The circuit court's comments on June 22, 2018, did not rise to the level of an adequate preliminary *Krankel* inquiry. Moreover, defendant raised at least six additional claims of ineffectiveness in a motion filed on August 24, 2018. The court made *no* inquiry into these claims, and the State does not argue otherwise. Even where the court has already conducted an inquiry into claims of ineffective assistance, it must conduct a preliminary *Krankel* inquiry into further claims raised afterward. *People v. Horman*, 2018 IL App (3d) 160423, ¶ 29 ("[A]llowing only one preliminary *Krankel* inquiry would lead to absurd results.").

¶ 20    We also reject the State's argument that defense counsel's withdrawal and the subsequent appointment of new counsel moots defendant's claim. The basis for the appointment of new counsel under the *Krankel* procedure is not that original counsel is generally unable to represent a defendant in posttrial proceedings. Rather, new counsel is appointed specifically to investigate and pursue defendant's claims of ineffectiveness, as original counsel would have a clear conflict of interest in doing so. *Krankel*, 102 Ill. 2d at 189; *Moore*, 207 Ill. 2d at 78 ("[N]ew counsel would then represent the defendant at the hearing on the defendant's *pro se* claim of ineffective assistance. [Citations.] The appointed counsel can independently evaluate

the defendant's claim and would avoid the conflict of interest that trial counsel would experience if trial counsel had to justify his or her actions contrary to defendant's position."). In short, the purpose of the *Krankel* procedure is not to provide a defendant with effective counsel going forward but to ensure that he received effective assistance previously. *E.g.*, *People v. Bell*, 2018 IL App (4th) 151016, ¶ 35 (noting that new counsel is appointed "to independently investigate and represent the defendant at a separate hearing").

¶ 21 New counsel in the present case was not appointed for any such purpose, either explicitly or implicitly. New counsel plainly did not pursue any ineffectiveness claims in his motion to reconsider sentence, the only motion he filed while representing defendant. Indeed, the record here does not indicate that new counsel was even made aware of defendant's earlier *pro se* filings. As the appointment of new counsel did not result in any further litigation of defendant's ineffectiveness claims, it cannot be said that that appointment satisfied the requirements of *Krankel* and its progeny.

¶ 22 The circuit court failed to conduct an adequate preliminary inquiry into defendant's posttrial claims of ineffective assistance of counsel. Accordingly, we must remand the matter to allow the court to make that inquiry. *Moore*, 207 Ill. 2d at 79. Because we remand the matter for the court to complete posttrial proceedings, it would be premature for this court to consider the remaining contentions raised in this appeal. See *Krankel*, 102 Ill. 2d at 189 ("If the circuit court denies defendant a new trial, defendant can still appeal to the appellate court based on his assertion of ineffective assistance of counsel or the other three issues which were raised in the appellate court and in this court but were not addressed.").

¶ 23                                      III. CONCLUSION
¶ 24 The matter is remanded to the circuit court of Rock Island County.

¶ 25 Cause remanded.