2022 IL App (1st) 1200168-U
No. 1-20-0168

FIRST DIVISION
August 29, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

---

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 18 CR 1488 |
| | ) | |
| BERNARD BASHUM, | ) | |
| | ) | The Honorable |
| Defendant-Appellant | ) | James B. Linn, |
| | ) | Judge Presiding. |

---

JUSTICE PUCINSKI delivered the judgment of the court.
Justices Hyman and Coghlan concur in the judgment.

**ORDER**

¶ 1    *Held:* Remand required for the limited, and sole, purpose of the holding of a preliminary *Krankel* inquiry into the specific ineffectiveness claim raised in defendant's *pro se* posttrial motion for new trial to determine if it shows possible neglect of the case warranting the appointment of new counsel thereunder. Additionally, jurisdiction is retained.

¶ 2    Following a jury trial, defendant, Bernard Bashum, was convicted of first degree murder. He was sentenced to 22 years' imprisonment. On appeal, defendant asserts: (1) the trial court erred in not permitting him to introduce evidence pursuant to *Lynch* that the victim had previously yelled racial slurs during verbal fights with other people; (2) his trial counsel was ineffective for failing

to present the testimony of Andrew Sanderbeck as a witness to the victim's propensity for violence; (3) the trial court erred in providing a non-pattern jury instruction for second-degree murder; and, alternatively, and (4) the trial court erred in failing to conduct a preliminary inquiry, pursuant to *Krankel*, into defendant's *pro se* posttrial claim of ineffective assistance of counsel. For the following reasons, we remand for the limited purpose of conducting a hearing on his *Krankel* claims, and we retain jurisdiction.

¶ 3                                     BACKGROUND

¶ 4      The instant case arose from events that occurred in the late afternoon and evening of July 17, 2017, behind a business located in the strip mall at 1237 South Clinton Street, in Chicago, Illinois. Defendant and his codefendant, Larry Jones, were charged with the beating death of the victim, Curtis Sanderbeck, who died of his injuries on August 14, 2017. Defendant was tried separately in a jury trial and found guilty of first degree murder.

¶ 5      Because we find that limited remand is in order in the instant case based upon what occurred posttrial in defendant's particular case, we present only facts relevant to that determination.

¶ 6      Initially, during pre-trial proceedings, defendant was represented by an assistant public defender. Eleven months before his jury trial commenced, *pro bono* private counsel appeared to represent defendant and the trial court granted leave for the assistant public defender to withdraw as counsel. Private counsel represented defendant throughout the subsequent jury trial.

¶ 7      At the conclusion of defendant's jury trial, defense counsel filed a motion for judgment notwithstanding the verdict or, alternatively, a motion for a new trial. While this motion was pending, defendant filed a *pro se* motion for appointment of counsel other than the public defender. In this motion, he alleged that the assistant public defender and *pro bono* private counsel were ineffective where his counsels were "unconcerned with the defendant's proposed defense and is,

therefore, not willing to investigate zealously as guaranteed by both the Illinois Constitution and the United States Constitution;" "never went over complete criminal discovery with client, file necessary pretrial motion, keep me 'defendant' informed of status and matter of case, ect. [sic];" "refuse[d] to call witness on his behalf, interview states [sic] witness, with investigator for impeachment purpose and to in attempt to discredit [sic];" "counsel ignored his obligations to the defendant in accordance to Illinois Supreme Court Rules of Professional Conduct, Rule 1.4 Communication;" "public defender 'didn't' zealously represent defendant [] violating Rule 1.3 Diligence;" "counsel should've requested 'expert' through motion…;" and "but for counsel unprofessional error's [sic] of misconduct, the result of the proceeding [sic] would've been different." Defendant also sought the appointment of private counsel because defendant "will be prejudiced with the representation of the public defender as counsel."

¶ 8       The trial court held a hearing on the posttrial motion filed by defense counsel, and thereafter denied it. However, the trial court did not address the posttrial motion filed by defendant *pro se*.

¶ 9                                              ANALYSIS

¶ 10      On appeal, in addition to requesting this court remand for a new trial based on several different claims of trial error, defendant also asks this court to find that the trial court erred in failing to conduct a preliminary *Krankel* inquiry. Defendant asks this court to remand to the circuit court for a preliminary hearing pursuant to *People v. Krankel*, 102 Ill.2d 181 (1984) should this court decide that a new trial is not merited on the other claims. In response, the State concedes that the trial court failed to conduct a preliminary inquiry regarding defendant's *pro se* claims, raised in a posttrial motion, of ineffective assistance of trial counsel. In doing so, the State asks this court to remand for a preliminary *Krankel* inquiry, with this court retaining jurisdiction over the instant

case while the trial court conducts its inquiry. Based upon our review of the record, we will remand for the trial court to conduct a preliminary *Krankel* inquiry and retain jurisdiction.

¶ 11    The common law procedure developed from the decision in *Krankel* is triggered when a defendant raises a *pro se* claim of ineffective assistance of trial counsel. *Krankel*, 102 Ill.2d at 181. It is well-settled that new counsel is not automatically appointed when that type of claim is raised. *People v. Moore*, 207 Ill.2d 68, 77 (2003). However, the trial court should first examine the factual basis of the defendant's claim and then appoint new counsel if the allegations show possible neglect of the case. *Id*. at 77-78. If the trial court determines that the claim lacks merit or pertains only to matters of trial strategy, then the trial court need not appoint new counsel and may deny the *pro se* motion. *Id*. Whether trial court properly conducted a *Krankel* inquiry presents a legal question and is subject to *de novo* review. *Id.* at 75.

¶ 12    When the trial court conducts an evaluation of this type of claim, "some interchange between the trial court and trial counsel regarding the facts and circumstances surrounding the allegedly ineffective representation is permissible and usually necessary in assessing what further action, if any, is warranted on a defendant's claim." *Id*. at 78. The trial court may also discuss the allegations with defendant and may base its determination on its own knowledge of defense counsel's performance at trial. *Id*. at 78-79. The Illinois courts have repeatedly recognized that "the goal of any *Krankel* proceeding is to facilitate the trial court's full consideration of a defendant's *pro se* claims of ineffective assistance of trial counsel and thereby potentially limit issues on appeal." *People v. Jolly*, 2014 IL 117142, ¶ 29 (citing *People v. Patrick*, 2011 IL 111666, ¶ 41; *People v. Jocko*, 239 Ill.2d 87, 91 (2010)).

¶ 13    Here, we agree with the State's concession that the trial court did not conduct any inquiry into defendant's complaints about his counsel's performance. "Therefore, the only question – a

question of law subject to *de novo* review – is whether the allegations in defendant's *pro se* posttrial motion were sufficient to trigger the court's duty to conduct such an inquiry." *People v. Bell*, 2018 IL App (4th) 151016, ¶ 36. Looking at the various allegations contained in defendant's *pro se* posttrial motion, we find that the allegations were sufficient to trigger the court's duty to conduct such an inquiry.

¶ 14    However, the parties disagree as to whether we should address the other issues raised by defendant on appeal or remand this case for the trial court to conduct a preliminary *Krankel* inquiry and retain jurisdiction as to the remaining issues. The State relies on *People v. Garrett*, 139 Ill.2d 189, 195 (1990), in which the supreme court found that the appellate court is empowered under Illinois Supreme Rule 615(b) to remand a cause for a hearing on a particular matter while retaining jurisdiction. In response, defendant contends that "this Court routinely considers and resolves the new trial issues first" before remanding the case for a *Krankel* hearing. Defendant cites to *People v. Green*, 2016 IL App (1st) 134011, ¶ 3; *People v. Jackson*, 2016 IL App (1st) 133741; and *People v. Sherman*, 2020 IL App (1st) 172162.

¶ 15    Neither side recognizes that there is specific precedent for a reviewing court to remand for a preliminary *Krankel* inquiry and to retain jurisdiction as to the remaining issues on appeal. In *People v. Bell*, 2018 IL App (1st) 151016, ¶¶ 36-37, the reviewing court found that the trial court failed to conduct a preliminary inquiry into the defendant's claim of ineffective assistance of trial counsel, and the case should be remanded to allow the trial court to conduct this inquiry. In remanding the case, the reviewing court also "decline[d] to address defendant's other claims on appeal." *Bell*, 2018 IL App (4th) 151016, ¶ 37 (citing *People v. Ayres*, 2017 IL 120071, ¶ 13) ("[T]he goal of any *Krankel* proceeding is to facilitate the trial court's full consideration of a defendant's *pro se* claim and thereby potentially limit issues on appeal.") The court recognized

that "[d]epending on the result of the preliminary *Krankel* inquiry, defendant's other claims may become moot." *Id.*

¶ 16    Since *Bell* was decided, its reasoning was followed in *People v. Roberson*, 2021 IL App (3d) 190212, ¶ 22, ("Because we remand the matter for the court to complete posttrial proceedings, it would be premature for this court to consider the remaining contentions raised in this appeal"). As the court in *People v. Taylor*, 2018 IL App (1st) 150978-U astutely recognized, after the defendant filed a petition for rehearing in which he asked the court to resolve the other issues raised on direct appeal "in the interest of judicial economy":

> "…We are mindful of defendant's right to a timely-adjudicated appeal. At the same time, we feel that the trial court must first be given the opportunity to rectify what occurred in this cause and hold the *Krankel* hearing as ordered, without any interference from our Court. Critically, much is dependent upon what happens upon our remand here. Therefore, while we choose at this time not to resolve the other issues defendant has raised on direct appeal, we do, at his urging, choose to modify our decision and retain jurisdiction." *Taylor*, 2018 IL App (1st) 150978-U, ¶ 37 (citing *People v. Garrett*, 139 Ill.2d 189, 195 (1990).

¶ 17    Here, under the facts in this case, we further recognize the need to remand for a preliminary *Krankel* inquiry where one of defendant's claims on appeal is a claim that his trial counsel was ineffective for failing to present the testimony of a witness. In this case, a resolution of the allegations raised in his *pro se* posttrial motion alleging that he received ineffective assistance of counsel at trial could have an impact on one of the issues raised on direct appeal.

¶ 18    We are not persuaded by the cases cited by defendant. There is no indication that the different reviewing courts in *Green*, *Jackson*, or *Sherman* were asked to remand to conduct a preliminary *Krankel* inquiry before addressing the other issues raised on direct appeal. *Green*, 2016 IL App (1st) 134011; *Jackson*, 2016 IL App (1st) 133741; *Sherman*, 2020 IL App (1st) 172162. Moreover, the decisions in *Green* and *Jackson* were decided in 2016 and preceded *Bell*, *Roberson, and Taylor*. Consequently, defendant's reliance on these other cases does not change our decision.

¶ 19  Therefore, we remand this case to the trial court with directions for the limited purpose that the court to conduct a preliminary *Krankel* inquiry into the factual basis of defendant's *pro se* posttrial allegations of ineffective assistance of counsel to determine if it shows possible neglect of the case warranting the appointment of new counsel thereunder. We offer no opinion as to whether new counsel should be appointed to undertake an independent review of the claim.

¶ 20             CONCLUSION

¶ 21  For the reasons stated in this order, we remand this case to the circuit court of Cook County with directions to conduct a preliminary *Krankel* inquiry into defendant's *pro se* allegations of ineffective assistance of counsel.

¶ 22 Remanded with directions; jurisdiction retained.