**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240430-U

Order filed April 3, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0430 Circuit No. 21-DT-324 |
| | ) | |
| RICHARD D. WILLIAMS, | ) ) | Honorable Michael W. Fleming, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Presiding Justice Brennan and Justice Anderson concurred in the judgment.

_____

**ORDER**

¶ 1　　*Held*:　The court erred in failing to conduct a preliminary inquiry into defendant's claims of ineffective assistance of counsel.

¶ 2　　Defendant, Richard D. Williams, appeals from his convictions for driving while under the influence of alcohol (DUI) and improper lane usage, arguing the Du Page County circuit court erred by failing to conduct a preliminary inquiry into his claims of ineffective assistance of counsel pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984). We remand for a preliminary *Krankel* inquiry.

¶ 3                                  I. BACKGROUND

¶ 4        After a bench trial, defendant was found guilty of DUI (625 ILCS 5/11-501(a)(2) (West 2020)) and improper lane usage (*id.* § 11-709(a)). Defendant was represented by counsel for trial, who also filed a motion to reconsider and for a new trial on defendant's behalf. The court denied the motion on August 29, 2023.

¶ 5        On October 3, 2023, counsel indicated that defendant wanted to retain another attorney for sentencing. The court continued the case for defendant to obtain new counsel. The parties appeared again on November 28, 2023. Defendant indicated that he needed more time to obtain an attorney, as he was having difficulty finding an attorney he could afford. Defendant stated:

> "And with my previous attorney, it's a conflict of interest with him, you know. I can't go further with him. He did not—he withheld a bunch of evidence for me in trial that would have, that he should have represented, and the officer did not identify me in open court. He said nothing about it."

Defendant further stated there was "a lot of stuff that [counsel] didn't do right." The court continued the case to give defendant more time to obtain new counsel.

¶ 6        Defendant obtained new counsel, who filed a supplemental motion for a new trial. In the motion, counsel stated that:

> "In Defendant's opinion, irreconcilable differences regarding certain issues have arisen between Defendant and his trial counsel ***. Therefore, Defendant and trial counsel reached a mutual agreement to sever their attorney-client relationship in this matter after conviction. While trial counsel acted in good faith and employed a reasonable trial strategy, it appears that various factors were not presented at trial ***."

2

The motion did not raise any issues of ineffective assistance of counsel. At the hearing, counsel stated: "The other thing is I want to make perfectly clear this is not a *Krankel* motion. I am not raising any issue with respect to ineffective assistance of counsel whatsoever under *Strickland*." The court denied the motion. Defendant was subsequently sentenced to two years' probation, five days in jail, and a $25 fine.

¶ 7                                    II. ANALYSIS

¶ 8            On appeal, defendant argues that the court erred by failing to conduct a preliminary *Krankel* inquiry into his allegations of ineffective assistance of counsel. The need to conduct a preliminary *Krankel* inquiry is triggered when a defendant raises a *pro se* posttrial claim of ineffective assistance of trial counsel. *People v. Ayres*, 2017 IL 120071, ¶ 11. A defendant is not required to do anything more than bring his or her ineffective assistance of counsel claim to the circuit court's attention. See *id.* (a *pro se* defendant is not required to file a written motion but may raise the ineffective assistance claim orally or through a letter or note to the circuit court). "[W]hen a defendant brings a clear claim asserting ineffective assistance of counsel, either orally or in writing, this is sufficient to trigger the trial court's duty to conduct a *Krankel* inquiry." *Id.* ¶ 18. "If the court fails to conduct the necessary preliminary examination as to the factual basis of the defendant's allegations, the case must be remanded for the limited purpose of allowing the court to do so." *People v. Remsik-Miller*, 2012 IL App (2d) 100921, ¶ 9. We consider *de novo* a circuit court's alleged failure to inquire into a claim of ineffective assistance of counsel. *People v. Bates*, 2019 IL 124143, ¶ 14.

¶ 9            Here, defendant stated in court that there was "a conflict of interest" with counsel, counsel withheld evidence, and there was "a lot of stuff that [counsel] didn't do right." It is clear from these statements that defendant was complaining about trial counsel's performance. It was

3

not necessary for defendant to use the specific term "ineffective assistance" to raise these claims. See *People v. Craig*, 2020 IL App (2d) 170679, ¶ 17. Despite raising issues with counsel's performance, the court never conducted an inquiry into defendant's allegations, instead solely granting additional time for defendant to obtain new counsel. This was error.

¶ 10     While the State agrees that the court did not perform a preliminary *Krankel* inquiry, it argues that remand is not required, as defendant "already got the relief that he wants" since he hired a new attorney. This argument was rejected in *People v. Roberson*, 2021 IL App (3d) 190212, ¶¶ 20-21, where this court stated:

> "The basis for the appointment of new counsel under the *Krankel* procedure is not that original counsel is generally unable to represent a defendant in posttrial proceedings. Rather, new counsel is appointed specifically to investigate and pursue defendant's claims of ineffectiveness, as original counsel would have a clear conflict of interest in doing so. *Krankel*, 102 Ill. 2d at 189; [*People v. Moore*, 207 Ill. 2d 68, 78 (2003)] ('[N]ew counsel would then represent the defendant at the hearing on the defendant's *pro se* claim of ineffective assistance. [Citations.] The appointed counsel can independently evaluate the defendant's claim and would avoid the conflict of interest that trial counsel would experience if trial counsel had to justify his or her actions contrary to defendant's position.'). In short, the purpose of the *Krankel* procedure is not to provide a defendant with effective counsel going forward but to ensure that he received effective assistance previously. *E.g. People v. Bell*, 2018 IL App (4th) 151016, ¶ 35 (noting that new counsel is appointed 'to independently investigate and represent the defendant at a separate hearing').

New counsel in the present case was not appointed for any such purpose, either explicitly or implicitly. New counsel plainly did not pursue any ineffectiveness claims in his motion to reconsider sentence, the only motion he filed while representing defendant. Indeed, the record here does not indicate that new counsel was even made aware of defendant's earlier *pro se* filings. As the appointment of new counsel did not result in any further litigation of defendant's ineffectiveness claims, it cannot be said that that appointment satisfied the requirements of *Krankel* and its progeny."

¶ 11　　　　Like in *Roberson*, while defendant obtained new counsel, such counsel was not "appointed specifically to investigate and pursue defendant's claims of ineffectiveness." *Id.* ¶ 20. In fact, posttrial counsel made it clear that it was not raising any ineffective assistance of trial counsel claims. The record does not suggest, as the State proposes, that this was because the claims lacked merit. Posttrial counsel indicated that there were facts trial counsel did not bring up at trial, but he was not raising claims of ineffective assistance. This stance is at odds with *Krankel* counsel, who must evaluate a defendant's claims "with an eye toward representing the defendant at the upcoming second-stage adversarial hearing, and not simply with the goal of determining whether, in *Krankel* counsel's opinion, any of the defendant's allegations are substantively meritorious." *People v. Downs*, 2017 IL App (2d) 121156-C, ¶ 47. Therefore, without more information, we cannot conclude posttrial counsel's representation fulfilled the obligations under *Krankel*.

¶ 12　　　　In coming to this conclusion, we find it necessary to comment on two points raised by the State. First, the State indicates that the court could not have performed a preliminary *Krankel* inquiry because trial counsel was not present in court on the date defendant made his oral

5

allegations. Ordinarily, "some interchange between the trial court and trial counsel regarding the facts and circumstances surrounding the allegedly ineffective representation is *** usually necessary." *People v. Moore*, 207 Ill. 2d 68, 78 (2003). Here, the court could have required counsel to be present on a different day to conduct the inquiry. Second, the State notes that defendant never asked for the appointment of new counsel. However, the *only* requirement necessitating a preliminary inquiry is that defendant bring the claim to the court's attention. See *Ayres*, 2017 IL 120071, ¶ 11. Defendant did not need to ask for counsel to be appointed.

¶ 13    Thus, we remand the cause for the limited purpose of allowing the circuit court to inquire into the factual basis of defendant's ineffective assistance of counsel claims. If defendant's allegations show possible neglect of the case, the court should appoint new counsel to argue defendant's claims of ineffective assistance. However, if the court concludes that defendant's allegations lack merit or pertain only to matters of trial strategy, the court may deny the claims.

¶ 14                                III. CONCLUSION

¶ 15    The judgment of the circuit court of Du Page County is remanded with directions.

¶ 16    Remanded with directions.