2025 IL App (4th) 241399-U

NO. 4-24-1399

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

FILED
September 2, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| MAJAHADEEN TIREE KHALILALLAH, | ) | No. 23CF479 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Amy L. McFarland, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Vancil and Grischow concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court remanded the cause for a preliminary inquiry into defendant's *pro se* posttrial claims of ineffective assistance of counsel.

¶ 2    Defendant, Majahadeen Tiree Khalilallah, appeals his conviction of aggravated battery (720 ILCS 5/12-3.05(d)(4) (West 2022)). We remand with directions for the trial court to conduct a preliminary inquiry into defendant's *pro se* ineffective-assistance-of-counsel claims.

¶ 3                        I. BACKGROUND

¶ 4                     A. Charges and Trial

¶ 5    The State charged defendant with two counts of aggravated battery (720 ILCS 5/12-3.05(c), (d)(4) (West 2022)). Defendant was represented by privately retained counsel at a bench trial on June 26, 2024. The trial court found defendant guilty of both counts and set the matter for a sentencing hearing on August 16, 2024.

¶ 6                          B. Posttrial Motions

¶ 7          On July 3, 2024, defendant filed three *pro se* motions, each of which mentioned "[i]neffectiveness of council [*sic*]" without elaboration. On July 8, 2024, (1) defendant filed a fourth *pro se* motion that did not allege ineffective assistance and (2) defense counsel filed a motion to withdraw because defendant (a) filed pleadings without counsel's consent or advice and (b) alleged counsel's ineffectiveness. Thereafter, defendant filed two more *pro se* motions, one of which included another allegation of "[i]neffectiveness of council [*sic*]." Counsel noticed his motion to withdraw for hearing on July 31, 2024. Defendant did not notice his motions for hearing.

¶ 8                          C. The July 31, 2024, Hearing

¶ 9          On July 31, 2024, the matter appeared before the trial court on defense counsel's motion to withdraw. The court asked defendant whether he objected to counsel withdrawing. Defendant responded, "No objection." The court asked defendant whether he intended to hire new counsel for the upcoming sentencing hearing on August 16, 2024, or represent himself. Defendant requested the court to appoint the public defender. After inquiring about defendant's financial circumstances, the court said it would allow defense counsel to withdraw and appointed the public defender. (No attorney from the public defender's office appeared for defendant during the remainder of this court appearance on July 31, 2024.) The court admonished defendant that the sentencing hearing would remain as scheduled, even though he might not have much of an opportunity to speak with the public defender in advance of that hearing. The court excused defendant's original counsel, who tendered to the court an agreed order, signed by defendant, allowing counsel to withdraw.

¶ 10          The trial court then noted that defendant filed numerous *pro se* motions. The State orally moved to strike those motions because defendant filed them when he had counsel. Defendant

said he would like to have his motions heard "right now." The court indicated that the motions were not noticed for hearing and defendant could not file self-represented motions while he was represented by counsel. Accordingly, the court struck defendant's motions and told him he could "meet with the public defender to determine whether or not they will adopt" those motions.

¶ 11　　　　　　Over the next several pages of the transcript, defendant continued to discuss with the trial court how he might present his motions. Defendant seemingly offered to argue his motions *pro se* and then later accept representation from the public defender. The court rejected that suggestion, stating that defendant would (1) have to choose whether to represent himself or be represented by the public defender and (2) not have "post-trial motion rights" until after he was sentenced. Defendant initially stated he would proceed *pro se* but almost immediately changed his mind. During this conversation with the court, defendant mentioned, without elaboration, that there were certain new witnesses and evidence that defense counsel had not presented. The court explained that defendant could raise those issues following sentencing, if there was a legal basis for them, in consultation with the public defender. The court reiterated that defendant's *pro se* motions were stricken.

¶ 12　　　　　　After the trial court addressed matters not pertinent to this appeal, defendant requested to be heard again on his original counsel's motion to withdraw. Defendant began to explain that his counsel was ineffective for "not putting in effort or consideration." The following colloquy then occurred:

> "THE COURT: Okay. So I'm going to ask you to stop.
>
> THE DEFENDANT: Do I have right to due process?
>
> THE COURT: Hold on. Hold on. I'm going to ask you to stop based upon what you've heard.

So number one, he's been withdrawn, so you've got what you're asking for. Number two, you are—

THE DEFENDANT: I'm just asking for a fair—

THE COURT: Hold on. You are \*\*\* making a claim of ineffective counsel. That is an issue on appeal. You have a right to assert that, but this isn't the time.

THE DEFENDANT: Okay.

THE COURT: Okay. That would be an appellate issue after sentencing. I will give you your appellate admonishments following sentencing. After the day of sentencing you'll have 30 days to file a written notice to appeal and a motion to reconsider, and then those motions will be heard.

So I will go through all of that at sentencing as to those rights.

So what you've indicated is you're asserting ineffective counsel. The Court is taking that as your concern. You will have a right to assert that, but today's date and prior to sentencing is not the appropriate timing.

THE DEFENDANT: Okay. As long as it's heard. You know, I'm just wanting immediate revisal and a fair trial or a fair sentence if it's not—you know, these are not grounds.

So that's all—that's the only thing—that's the only thing that's basically—

THE COURT: The Court considers certain factors in aggravation and mitigation. That's what the point of a sentencing hearing is, for me to consider that in order to impose a fair sentence.

THE DEFENDANT: Okay. Yeah. Sounds good."

The court continued the matter to August 16, 2024, for sentencing and told defendant to contact

the public defender.

¶ 13                           D. Subsequent Proceedings

¶ 14          The assistant public defender who subsequently represented defendant never filed any motions on defendant's behalf, and the trial court never addressed defendant's *pro se* ineffective-assistance claims. Rather, on August 16, 2024, defendant's new counsel asked to continue the sentencing hearing because the only information he had was the presentencing report. Counsel said he would order the "transcript," meet with defendant, and discuss "mitigation." Over the State's objection, the court continued the sentencing hearing to October 11, 2024. On that date, the court sentenced defendant on one aggravated battery count to 48 months' probation, 120 hours of community service, and a stayed jail term of 180 days. Defendant filed a timely notice of appeal.

¶ 15                                  II. ANALYSIS

¶ 16          On appeal, defendant argues that the trial court failed to conduct a preliminary inquiry into his *pro se* ineffective-assistance claims in accordance with the procedure originating in *People v. Krankel*, 102 Ill. 2d 181 (1984). Defendant asks us to remand the matter for that limited purpose.

¶ 17          The State responds that the invited-error doctrine precludes defendant from raising this issue on appeal. According to the State, defendant "agreed to have his retained counsel *** withdraw and have the public defender appointed during posttrial proceedings *** rather than undergo the usual *Krankel* procedure." Under those circumstances, the State says "[i]t would be unfair to permit defendant to take an inconsistent position by granting him a *Krankel* remand after he consented to proceed without a *Krankel* inquiry." The State also submits that defendant's agreement to allow his counsel to withdraw "made it impossible for the trial court to hold an ordinary *Krankel* hearing with the necessary interchange between the trial court and [defendant's

original counsel.]" The State further suggests that defendant's assistant public defender had plenty of time to decide whether to adopt the *pro se* motions and "could have pursued a claim against [original counsel's] alleged ineffectiveness and subpoenaed [him] to testify during posttrial proceedings if the public defender perceived that a basis existed for a claim of ineffective assistance."

¶ 18          In his reply brief, defendant maintains that he did not invite the error in failing to conduct a preliminary *Krankel* inquiry.

¶ 19          Beginning with our supreme court's decision in *Krankel*, courts developed a procedure to address *pro se* posttrial claims of ineffective assistance of counsel. *People v. Jackson*, 2020 IL 124112, ¶ 95. These rules apply regardless of whether the defendant was represented at trial by retained or appointed counsel. See *In re Johnathan T.*, 2022 IL 127222, ¶¶ 38-40 (in a case involving juvenile delinquency, the supreme court agreed with the view espoused in a special concurrence in an earlier criminal case that *Krankel* applies in situations involving retained counsel). To trigger *Krankel*, "a *pro se* defendant is not required to do any more than bring his or her claim to the trial court's attention." *People v. Moore*, 207 Ill. 2d 68, 79 (2003). It must be "clear" that the defendant is claiming ineffective assistance of counsel. *People v. Ayres*, 2017 IL 120071, ¶ 18. However, such claim does not need to be detailed, and merely reciting the words " 'ineffective assistance of counsel' " will initiate the process. *Ayres*, 2017 IL 120071, ¶ 1.

¶ 20          When confronted with a *pro se* posttrial allegation of ineffective assistance of counsel, a trial court first must "examine the factual basis of the defendant's claim." *People v. Roddis*, 2020 IL 124352, ¶ 35. In doing so, the court "may consider both the facts and legal merits" of the claim. *Roddis*, 2020 IL 124352, ¶ 70. This process of screening a *pro se* claim is often referred to as a "preliminary *Krankel* inquiry." *People v. Jolly*, 2014 IL 117142, ¶ 28. Such inquiry

must be conducted in "a neutral and nonadversarial proceeding" with *de minimis*, if any, participation by the State. *Jolly*, 2014 IL 117142, ¶ 38. In conducting this inquiry, "some interchange between the trial court and trial counsel regarding the facts and circumstances surrounding the allegedly ineffective representation is permissible and usually necessary in assessing what further action, if any, is warranted on a defendant's claim." *Moore*, 207 Ill. 2d at 78. Thus, the court may "inquire of trial counsel about the defendant's allegations" and "discuss the allegations with [the] defendant." *Ayres*, 2017 IL 120071, ¶ 12. The court may also "make its determination based on its knowledge of defense counsel's performance at trial and the insufficiency of the defendant's allegations." *Ayres*, 2017 IL 120071, ¶ 12.

¶ 21        If a court conducts a preliminary *Krankel* inquiry and "determines that the claim lacks merit or pertains only to matters of trial strategy, then the court need not appoint new counsel and may deny the *pro se* motion." *Roddis*, 2020 IL 124352, ¶ 35. "However, if the allegations show possible neglect of the case, new counsel should be appointed" (*Roddis*, 2020 IL 124352, ¶ 35), and such counsel "would then represent the defendant at the hearing on the *pro se* ineffective assistance of counsel claim" (*Roddis*, 2020 IL 124352, ¶ 36). Ultimately, the goal of *Krankel* proceedings is to "facilitate the trial court's full consideration of a defendant's *pro se* claim," thus creating a record and potentially limiting issues raised on appeal. *Ayres*, 2017 IL 120071, ¶ 13.

¶ 22        Our standard of review "depends on whether the trial court did or did not determine the merits of the defendant's *pro se* posttrial claims of ineffective assistance of counsel." *Jackson*, 2020 IL 124112, ¶ 98. We review *de novo* the issue of whether a defendant's allegations triggered a duty to conduct a preliminary *Krankel* inquiry. *People v. Bell*, 2018 IL App (4th) 151016, ¶ 36. Likewise, "[w]hether the trial court properly conducted a *Krankel* preliminary inquiry presents a legal question that we review *de novo*." *Jackson*, 2020 IL 124112, ¶ 98. "However, if the trial court

has properly conducted a *Krankel* inquiry and has reached a determination on the merits of the defendant's *Krankel* motion, we will reverse only if the trial court's action was manifestly erroneous." *Jackson*, 2020 IL 124112, ¶ 98. "Manifest error is error that is clearly evident, plain, and indisputable." *Jackson*, 2020 IL 124112, ¶ 98.

¶ 23    Here, after the bench trial, defendant filed multiple *pro se* motions containing the phrase "ineffectiveness of council [*sic*]." On July 31, 2024, the trial court said it was aware of these motions, and defendant attempted to explain his allegations of ineffective assistance in open court. Thus, the record confirms that the court knew defendant claimed ineffective assistance of counsel, which is all that is required to trigger a court's duty to conduct a preliminary *Krankel* inquiry. See *Jackson*, 2020 IL 124112, ¶ 96 (explaining that the duty to conduct a preliminary *Krankel* inquiry arises when a defendant brings his or her *pro se* claim to the court's attention, such as by making a statement in open court); *Ayres*, 2017 IL 120071, ¶ 1 (holding that even a bare-bones *pro se* motion containing the words " 'ineffective assistance of counsel' " triggers the duty to conduct a preliminary *Krankel* inquiry).

¶ 24    The record also shows that the trial court failed to conduct a preliminary *Krankel* inquiry. On July 31, 2024, the court struck defendant's *pro se* motions in their entirety and stopped defendant when he attempted to articulate his ineffective-assistance claims. From the court's comments, it seems the court's rationale was that (1) it was improper for defendant to file *pro se* motions when represented by counsel, (2) defendant failed to notice his *pro se* motions for hearing, (3) it was premature for defendant to claim ineffective assistance, as such allegations should be made either after sentencing or on appeal, and (4) defendant already received the relief he asked for because his counsel withdrew. The court was mistaken on each point.

¶ 25    Although a trial court ordinarily "should not consider *pro se* motions filed by defendants who are represented by counsel," an exception applies "where a defendant's *pro se* motion is directed against his or her counsel's performance." *Bell*, 2018 IL App (4th) 151016, ¶ 28. Thus, insofar as defendant alleged ineffective assistance, the court should not have stricken the motions without further inquiry.

¶ 26    Moreover, defendant was not required to notice his motions for hearing to trigger the trial court's duty to conduct a preliminary *Krankel* inquiry. Rather, when defendant's motions and comments were addressed in open court, the court should have conducted a preliminary *Krankel* hearing, as it was clear defendant believed he received ineffective assistance of counsel. See *Jackson*, 2020 IL 124112, ¶ 96 ("A *pro se* defendant need only bring his or her claim to the trial court's attention.").

¶ 27    The trial court was also incorrect to the extent it believed that defendant's ineffective-assistance claims were premature before a sentence was imposed or that his claims were issues for appeal. We note that the *Krankel* case itself involved a defendant who raised *pro se* allegations of ineffective assistance of counsel after trial but before sentencing. See *Krankel*, 102 Ill. 2d at 187-88. Courts have recognized the duty to conduct preliminary *Krankel* inquiries in other cases with a similar procedural posture. See *e.g.*, *Johnathan T.*, 2022 IL 127222, ¶¶ 7-8, 54 (involving allegations of ineffective assistance raised during a sex offender evaluation that was ordered in anticipation of a dispositional hearing in a juvenile delinquency case); *People v. Roberson*, 2021 IL App (3d) 190212, ¶¶ 5, 8, 22 (remanding for a preliminary *Krankel* inquiry where the defendant first made *pro se* ineffective-assistance claims between trial and sentencing).

¶ 28    Finally, the trial court mistakenly believed that allowing defendant's original counsel to withdraw adequately resolved the ineffective-assistance claims ("[Counsel has]

withdrawn, so you've got what you're asking for."). The court overlooked that "the purpose of the *Krankel* procedure is not to provide a defendant with effective counsel going forward but to ensure that he received effective assistance previously." *Roberson*, 2021 IL App (3d) 190212, ¶ 20. Thus, where the appointment of new counsel for a defendant does not result in any further litigation of the defendant's *pro se* ineffective-assistance claim, "it cannot be said that that appointment satisfied the requirements of *Krankel* and its progeny." *Roberson*, 2021 IL App (3d) 190212, ¶ 21; see *People v. Kyles*, 2020 IL App (2d) 180087, ¶ 36 (explaining that "if the defendant has made a sufficient *pro se* claim of ineffective assistance and request for new counsel, the general appointment of new counsel does not eliminate the trial court's obligation to make a preliminary inquiry into the merits of the *pro se* claim"); but see *People v. Harkey*, 2025 IL App (4th) 230523, ¶ 97 (finding *Kyles* distinguishable where (1) the trial court appointed new counsel for the express purpose of representing the defendant on his *pro se* ineffective-assistance claims and (2) new counsel indeed presented ineffective-assistance claims on the defendant's behalf). Here, the court appointed the public defender to represent defendant generally as substitute counsel, not specifically to represent defendant in connection with ineffective-assistance claims. The assistant public defender also never argued ineffective-assistance on defendant's behalf. Accordingly, allowing defendant's original counsel to withdraw and appointing new counsel did not obviate the need to conduct a preliminary *Krankel* inquiry.

¶ 29 We reiterate that the goal of *Krankel* proceedings is to "facilitate the trial court's full consideration of a defendant's *pro se* claim," thus creating a record and potentially limiting issues raised on appeal. *Ayres*, 2017 IL 120071, ¶ 13. Here, the record does not reflect the specific reasons why defendant believed his original counsel was ineffective, and the court made no finding as to whether defendant's claims evidenced possible neglect by counsel. The goal of *Krankel* was

not satisfied.

¶ 30    Rather than directly dispute anything we have said so far, the State invokes the invited-error doctrine. Pursuant to the invited-error doctrine, "a party cannot complain of error which that party induced the court to make or to which that party consented." *In re Detention of Swope*, 213 Ill. 2d 210, 217 (2004). This means that " 'an accused may not request to proceed in one manner and then later contend on appeal that the course of action was in error.' " *People v. Harvey*, 211 Ill. 2d 368, 385 (2004) (quoting *People v. Carter*, 208 Ill. 2d 309, 319 (2003)). It also means that parties may not take positions on appeal that are inconsistent with their positions below, nor may they challenge rulings to which they expressly agreed. See *e.g.*, *McMath v. Katholi*, 191 Ill. 2d 251, 256 (2000) (applying the invited-error doctrine where a litigant took an inconsistent position below about the governing law); *People v. Aquisto*, 2022 IL App (4th) 200081, ¶¶ 53-54 (holding that the invited-error doctrine estopped the defendant from challenging the admissibility of an exhibit on appeal where his counsel told the trial court he had no objection to admitting the exhibit). The justification for the invited-error doctrine is that permitting litigants to urge reversal of a judgment based on rulings or actions they procured would offend notions of fair play and encourage duplicitous conduct. *Harvey*, 211 Ill. 2d at 385.

¶ 31    The State argues that the invited-error doctrine applies because defendant "consented to proceed without a *Krankel* inquiry." The record does not support that assertion. Defendant made no comment and took no action that could be construed as inducing or inviting the trial court to forgo its obligation to conduct a preliminary *Krankel* inquiry. To the contrary, the record shows that the court refused to entertain defendant's *pro se* ineffective-assistance claims on July 31, 2024, even though defendant repeatedly tried to present them. Specifically, the court struck defendant's *pro se* motions, many of which contained allegations of ineffective assistance,

despite defendant's request for the motions to be heard "right now." Defendant then mentioned the possibility of short-term self-representation as a means of allowing the court to hear his grievances, but the court also rejected that idea. After the court told defendant to consult with the public defender, defendant again attempted to discuss his ineffective-assistance claims in open court, but the court told him to stop. Under the circumstances, defendant plainly did all he could to present his *pro se* ineffective-assistance claims on July 31, 2024, and the court rebuffed his attempts. Even if defendant had not been so persistent in his efforts to present his claims, we would not be inclined to invoke the invited-error doctrine where the court failed to inform defendant that it had a duty to consider his *pro se* claims. See *People v. Pieczykolan*, 2025 IL App (2d) 240430-U, ¶¶ 30-36 (rejecting the State's argument that the invited-error doctrine prohibited a defendant from challenging the trial court's failure to conduct a preliminary *Krankel* inquiry where the court failed to ensure that the defendant understood his right to have the court conduct such inquiry).

¶ 32    The State also unpersuasively contends that defendant's agreement to his original counsel withdrawing "made it impossible for the trial court to hold an ordinary *Krankel* hearing with the necessary interchange between the trial court and [defendant's original counsel.]" Defendant's original counsel was present in court on July 31, 2024, so nothing prevented the court from conducting a preliminary *Krankel* inquiry that day. Alternatively, if more convenient, the court could have directed counsel to return to court another day for the purpose of conducting a preliminary *Krankel* inquiry.

¶ 33    The State further mentions that defendant's assistant public defender "could have pursued a claim against [original counsel's] alleged ineffectiveness and subpoenaed [him] to testify during posttrial proceedings if the public defender perceived that a basis existed for a claim of ineffective assistance." Though true, this does not eliminate the need for a preliminary *Krankel*

inquiry under the circumstances of this case. Again, the trial court appointed the public defender as general substitute counsel, not specifically as *Krankel* counsel, and the assistant public defender who represented defendant never advanced any ineffective-assistance claim. The record does not reflect whether the assistant public defender was even aware that defendant had filed *pro se* motions alleging ineffective assistance of counsel. Accordingly, we may not excuse the court's failure to conduct a preliminary *Krankel* inquiry by assuming that the assistant public defender made a professional judgment not to present defendant's claims.

¶ 34                                    III. CONCLUSION

¶ 35          For the reasons stated, we remand the cause for a preliminary *Krankel* inquiry into defendant's *pro se* posttrial claims of ineffective assistance of counsel consistent with the procedure outlined in paragraphs 20 and 21, *supra*.

¶ 36          Remanded with directions.